(88 Misc. Rep. 667)

### EVANS v. TRIMBLE et al.

(Supreme Court, Trial Term, Albany County. January, 1915.)

1. WILLS ☞166—PROBATE—ACTION TO VACATE—UNDUE INFLUENCE—SUFFICIENCY OF EVIDENCE.

Evidence in an action, under Code Civ. Proc. § 2653a, to vacate the probate of a will and secure an adjudication that a paper of a later date was the last will of deceased, *held* insufficient to show that the later will was procured by undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 421–437; Dec. Dig. ☞166.]

2. WILLS ☞163—PROBATE—ACTION TO VACATE—UNDUE INFLUENCE—MENTAL INCAPACITY—BURDEN OF PROOF.

In an action, under Code Civ. Proc. § 2653a, to vacate the probate of a will and secure an adjudication that a second will was the last will of deceased, the burden was on defendants to establish their contention that the second will was the result of mental incapacity or undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. ☞163.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. WILLS ☜163—EXECUTION—UNDUE INFLUENCE—PRESUMPTION.

That testatrix's husband, a lawyer, at her suggestion, prepared a will changing the disposition of her property in his favor, as compared with a former will, raised no presumption of undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. ☜163.]

4. JUDGMENT ☜642—PROBATE—ACTION TO VACATE—JUDGMENT OF APPEL-LATE COURT.

In an action, brought under Code Civ. Proc. § 2653a, to vacate a decree admitting a will to probate and secure an adjudication that a later will was the last will of deceased, the court was not precluded, by the fact that the decree attacked had been affirmed by the Appellate Division of the Supreme Court, from rendering judgment for plaintiff, with direction that the later will be admitted to probate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1156; Dec. Dig. ☜642.]

Action by Charles P. Evans against Robert Trimble, individually and as executor of the last will and testament of Elizabeth T. Evans, deceased, and others, to vacate the probate of a will. Judgment for plaintiff.

Willis E. Heaton and Alvin E. Mambert, both of Troy, for plaintiff.
Ransom H. Gillet, of Albany (P. C. Dugan, of Albany, of counsel), for defendants.

RUDD, J. [1] On June 17, 1910, Elizabeth T. Evans, the wife of Charles P. Evans, the plaintiff, executed a paper which has been admitted to probate by the surrogate of Albany county as the last will and testament of Elizabeth T. Evans. By the decree of the surrogate granting probate to the instrument mentioned, probate was denied to a paper dated March 19, 1912, which was then claimed by Charles P. Evans, who is the plaintiff in this action, to be the last will and testament of Elizabeth T. Evans.

This action is brought under section 2653a of the Code of Civil Procedure, in which judgment is asked decreeing that the instrument bearing date June 17, 1910, be adjudged not to be the last will and testament, and that the probate thereof be vacated, and asking judgment that the paper dated March 19, 1912, be adjudged and decreed to be the last will and testament of Elizabeth T. Evans. The decree of the surrogate admitting to probate the will of June 17, 1910, was affirmed upon appeal to the Appellate Division without opinion. 158 App. Div. 894, 142 N. Y. Supp. 1117.

This action was tried before the court with a jury, but after motions had been made by the respective parties asking the direction of a verdict it was stipulated by the counsel that the questions should be taken from the jury for the court to decide, and therefore the court is called upon to dispose of the questions of law and fact here presented.

There is no serious contention but that each of these papers was executed by Elizabeth T. Evans with all the formalities required by law. The surrogate determined, when he admitted to probate the paper dated June 17, 1910, that the will of 1912 was executed with

the formalities required by the statute of wills. See opinion of Surrogate Vanderzee. The·question really to be determined is, Which paper is the last will and testament?

By the paper of March 19, 1912, all former wills are revoked. If this paper is the last will and testament, the instrument which heretofore has been admitted to probate by the surrogate of Albany county, of course, is not the last will and testament of Elizabeth T. Evans. Upon the trial, in accordance with the provisions of section 2653a of the Code of Civil Procedure, a prima facie case was made on the part of defendants by the introduction in evidence of the will of June 17, 1910, with the decree admitting the same to probate. If the will of March 19, 1912, was properly executed, the testatrix having sufficient mental capacity at the time, and she was not under restraint or undue influence, then the probate of the former will cannot stand, and the will of March 19, 1912, should be received as the last will and testament of the testatrix.

[2] The proof shows that the will of March 19, 1912, as before stated, was signed with all the necessary formalities. The burden is upon defendants to show that the second will is the result of mental incapacity or undue influence. Chief Judge Cullen said, in Matter of Kindberg, 207 N. Y. 228, 100 N. E. 791:

"Undue influence is an affirmative assault on the validity of a will, and the burden of proof does not shift, but remains on the party· who asserts its existence."

Undue influence here is asserted by the defendants. It is that upon which the defendants mainly rely. While the defendants contend that by reason of the illness of·testatrix at the time of the signing of the paper dated March 19, 1912, she was not qualified or competent to make a last will and testament, still the main contention in the case is that of undue influence of her husband, who was a lawyer, and who prepared the will of March 19, 1912, in which a change was made in the disposition of her property, as compared with the will of June 17, 1910, and that, because such change or disposition of the property worked in the favor of the husband, therefore, and because of these circumstances, there was exerted by the husband upon the wife an undue influence, resulting in a restraint upon the wife so that the paper of March 19, 1912, was not her·free act.

A careful reading of the record, a studying of the testimony given by the witnesses, and a careful consideration of the argument presented on behalf of the defendants, fail to present evidence or argument based upon the evidence which sustains the burden which the defendants here under recent adjudication must sustain. There is not proof of fraud. It cannot be said that the testatrix's illness was of such a nature or of such a duration as to have affected her testamentary capacity. There is no proof that deception was exerted.

The testatrix asked her neighbors to attend at a subsequent time when she expected to execute a will, in which it was her purpose to make some changes, evidently referring to a former will by her executed. They did so attend, and the acts of signing and publication meet the requirements of the law. No witnesses were called by the

defendant with a view of sustaining the allegation of undue influence or coercion. When undue influence is relied upon to annul testamentary disposition, it must be proved; it cannot be presumed.

[3] We cannot be led to find a presumption of undue influence by evidence to the effect that the plaintiff in this case, who was the husband of the testatrix, was a lawyer. While in Matter of Gallup, 43 App. Div. 442, 60 N. Y. Supp. 140, it has been well said, "A will made by a client in favor of his lawyer is viewed with great suspicion by the courts," it must be remembered that the writer of that statement was considering a condition which arose with reference to the disposition of property by a testatrix upwards of 90 years of age, who had signed a codicil, not only in favor of her lawyer, but really in favor of a lawyer who was in fact almost professionally a stranger to her.

Where the lawyer happens to be the husband, who had not only drawn the will now presented in this action for probate, but also the prior instrument of June 17, 1910, and who evidently drafted a new proposed will in accordance with some expressed wish of testatrix, as indicated by her statement to the witness Callan, which was to effect a change in her previous will, he does not bear that relation of a lawyer to a client which is contemplated in the expressions of the court to which reference is made in the Gallup Case.

The testatrix was a woman who had for many years been engaged in business. She was 58 years of age. She was up to her last illness a woman of ordinary vigor, and the will prepared by her husband was evidently prepared as the result of a suggestion from her. The transaction between the testatrix and her husband, who was a lawyer, does not raise a presumption of invalidity; in fact, the court has said in the Kindberg Case:

"The rule that a transaction between an attorney and client conferring a benefit or advantage on the former is presumptively invalid, and the burden of relieving himself from that presumption rests on the attorney, is confined to transactions or gifts inter vivos, and does not apply in all strictness to a gift by will."

It is quite plain from the testimony that when the testatrix told the witness Callan, the night before she signed the paper, that she was to make a new will, that the will must have been prepared at that time, and there was no such change in the testamentary disposition of the property of testatrix as to arouse any great suspicion that the paper was not the will of testatrix, but was really that of somebody else.

[4] While this court hesitates to overrule the determination of the surrogate of Albany county, still the provisions of the Code under which this action is tried grant to the parties the opportunity of a second trial, and in that trial the court must reach only that determination which the record justifies, irrespective of what other determination may have been reached by some other court.

The defendants here contend that the determination by the Appellate Division, confirming the decree of the surrogate admitting to probate the will of June 17, 1910, is stare decisis. We do not understand that that rule here applies. The doctrine, which sometimes is called the "doctrine of precedents," is firmly established in the law. We should

adhere to decided cases and settled principles, and we should not disturb matters which have been established by judicial determination.

That is not this case. While it has been determined by a court having jurisdiction that the will of June 17, 1910, is the last will and testament of Elizabeth T. Evans, at the same time under our law as it was before the enactment of the Surrogate's Code there is given another method, not exactly of review, but of trying out before a court and a jury, other than the probate court, the questions which are made of issue by the allegations of the parties. That trial has here been had, and under the rules which govern there is not in the opinion of this court sufficient in the record to enable the court to find that the instrument of March 19, 1912, which was signed in the presence of two subscribing witnesses, and stated by the testatrix Elizabeth T. Evans to be her last will and testament, was so signed by her, or made by her, as the result of coercion or undue influence exercised upon her by anybody, nor is there sufficient in the record to enable this court to determine that she was not, at the time she subscribed her name to the instrument in question, of sufficient mental capacity to make a last will.

Findings of fact and conclusions of law in accordance with this memorandum, directing the admission to probate of the will of March 19, 1912, may be prepared.

Judgment accordingly.