LANIE M. PETRIE, Respondent, *v.* MORGAN PETRIE, Impleaded, etc., Appellant.

(Argued May 1, 1891; decided June 2, 1891.)

THIS was an action of partition.

Nicholas H. Petrie died seized of the property in question; the parties are his children and heirs at law. The complaint proceeded upon the presumption that Petrie died intestate. Defendant Morgan Petrie claimed title under a will of his father, which had been admitted to probate. The validity of the will was the only disputed question. Two questions of fact were submitted to a jury: First, whether the deceased was, at the time of executing the alleged will, mentally competent to make a will; second, whether the alleged will was executed through fraud or undue influence. The jury answered the first in the negative; the second in the affirmative. Upon the trial, plaintiff was permitted to testify to a conversation she overheard between her father and her brother Morgan, in which the latter urged his father to change the disposition he intended to make for the benefit of plaintiff. This testimony was objected to as incompetent, under section 829 of the Code of Civil Procedure.

The court say upon this question:

"The ruling of the trial court upon the objection to the above question would present a somewhat important point under the construction which this court has given to section 829, in recent cases, if it could be held that the answers in any degree affected the result. (*Holcomb* v. *Holcomb*, 95 N. Y. 326; *Matter of Eysaman*, 113 id. 72; *Matter of Dunham*, 121 id. 575.)

"But we think that the answers to the question, as the case now stands, were immaterial. If the issue of undue influence and fraud had, as already observed, been found the other way and in favor of the defendant, the result must be the same, so long as it was found by a separate and independent finding that the deceased was incapable of making a will. The testimony objected to was not intended to apply to the issue of incapacity, and could not have had any effect whatever upon that question. Indeed, so far as that particular issue is concerned, the testimony was rather favorable to the defendant than otherwise, as it tended to show that the deceased, when about to start for Oneida to procure his will to be drawn, seemed to understand what he was about to do, and talked intelligently enough with his son about it, so far as appears from this testimony. With the issue of fraud and undue influence out of the case this testimony might, very prudently, have been given by the defendant. The plaintiff sought to show by this conversation in the barn that the deceased intended to provide a home for the plaintiff on the farm but, though the influence of Morgan, he was induced to make the will without any such provision, and a small money legacy was substituted in accordance with Morgan's suggestion 'to leave her some money.' For the same purpose it was shown by plaintiff, that for many years prior to about the time the instrument was drawn Morgan and his father were on bad terms, that they frequently called each other names and swore at each other, but a better state of feeling was established between them about the time of the conversation in the barn. As the finding upon the issue of undue influence became wholly immaterial, so the testimony applicable and directed to that issue only, could not, even if objectionable prejudice the defendant. The judgment must, therefore, be affirmed with costs."

*Edwin J. Brown* for appellant.

*C. D. Prescott* for respondent.

O'BRIEN, J., reads for affirmance.
All concur.
Judgment affirmed.