In the Matter of the Probate of the Will of EDWARD O.
KINDBERG, Deceased.

AUGUST REYMERT et al., Appellants; THE PRESBYTERIAN
HOSPITAL IN THE CITY OF NEW YORK, Respondent.

Will — appeal — when Court of Appeals cannot reverse judg-
ment admitting will to probate because of error in admission
or rejection of evidence as to one of three questions submitted
to jury — when legatee under two wills presented for pro-
bate may testify as to personal transactions with testator —
credibility of witnesses to execution of will — exceptions to
general rule that positive testimony of unimpeached witnesses,
as to certain facts, cannot be disregarded — transactions between
attorney and testator as to benefits conferred on former — pre-
sumptions arising therefrom — undue influence — erroneous
charge.

1. Where three questions of fact were submitted to a jury on the
probate of a will, the finding as to either of which is conclusive as
to its validity, the contention, that where an error was committed
in the rejection or admission of testimony as to one of the ques-
tions submitted or in the submission thereof to the jury, the verdict

as a whole should be set aside, cannot be maintained in this court. Whatever may be the rule in a court which has power to review the action of a jury on questions of fact it cannot be here maintained that an error in the submission of one question to the jury should or did affect its verdict on the other issues. (*Petrie* v. *Petrie*, 126 N. Y. 683, followed.)

2. Where two wills were presented for probate, the first of which was admitted, it was not error to allow a legatee under both to testify to personal transactions with the testator, where her legacy under the second will was less than that under the first will, her interest being, therefore, adverse to the probate of the second will, the witness having also executed a release of her interest under the first will. (*Matter of Wilson*, 103 N. Y. 374, and *Loder* v. *Whelpley*, 111 N. Y. 239, followed.)

3. It is not error to refuse to direct a verdict for the proponents of a will upon testimony of two witnesses who were indirectly interested in the probate, where one is a clerk in the office of the lawyer who drew the will under which he was a residuary legatee and the other witness was the husband of a legatee. The credibility of the witnesses under the circumstances was for the jury.

. 4. The general rule that the uncontradicted testimony of unimpeached witnesses distinctly and positively to a fact should be credited and cannot be disregarded is subject to many qualifications, one of which is that the "witnesses, though unimpeached, may have such an interest in the question at issue as to affect their credibility." Direct interest, such as would have disqualified the witness at common law, is not necessary to take the case without the exception.

5. The exception to the refusal of the court to charge that "if the jury believes the facts as stated in the testimony of either of the subscribing witnesses then they must find that the will was properly executed," is not well taken, where one of them did not testify to a direct request by the testator to the subscribing witnesses, but to movements of his head which the jury might or might not have found to be an assent to the question put to him by one of the witnesses.

6. An exception to the refusal to charge that if the jury found "that the will was executed under the supervision of a lawyer, that this affords a strong presumption that it was executed in compliance with the requirements of the statute" was not well taken, the court having already charged that under such circumstances there was "ground for a fair inference that it was executed in compliance with the formal requirements of the statute."

7. The rule that a transaction between an attorney and client conferring a benefit or advantage on the former is presumptively invalid, and that the burden of relieving himself from that presumption rests on the attorney, is confined to transactions or gifts *inter vivos* and does not apply in all strictness to a gift by will. It is error under such circumstances to charge that the burden of proof upon the question of undue influence rests on the proponent of a will.

*Matter of Kindberg*, 148 App. Div. 915, affirmed.          ⁰ l

(Argued November 20, 1912; decided December 31, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 26, 1912, which affirmed a decree of the New York County Surrogate's Court refusing probate to a paper propounded as the last will and testament of Edward O. Kindberg, deceased, and admitting an earlier will to probate.

The facts, so far as material, are stated in the opinion.

*Austen G. Fox, George W. Elkins* and *James M. Hunt* for August Reymert, appellant. The undisputed evidence shows that the will was executed in due form as required by law. (*Matter of Cottrell*, 95 N. Y. 339; *Matter of Nelson*, 141 N. Y. 152.) Serious and prejudicial errors requiring reversal were committed by the trial justice in his charge and instructions to the jury. (*Matter of Turell*, 166 N. Y. 337; *Matter of Nelson*, 141 N. Y. 152; *Matter of Cottrell*, 95 N. Y. 339; *Tyler* v. *Gardiner*, 35 N. Y. 559; *Coit* v. *Patchen*, 77 N. Y. 533; *Cudney* v. *Cudney*, 68 N. Y. 148; *Matter of Snelling*, 136 N. Y. 515; *Matter of Martin*, 98 N. Y. 193; *Loder* v. *Whelpley*, 111 N. Y. 239.) The court erred in ruling that Katherine McGee was a competent witness to give testimony as to personal transactions with the deceased on behalf of contestants of the March will. (*Matter of Bernsee*, 141 N. Y. 389; *Lane* v. *Lane*, 95 N. Y. 494; *Loder* v. *Whelpley*, 111 N. Y. 239; *O'Brien* v. *Weiler*, 140 N. Y. 281; *Harvey* v. *Cullings*, 48 Misc. Rep. 344; *Griswold* v. *Hart*, 205 N. Y. 384.)

The trial judge erred in charging that "there must be affirmative evidence of facts from which undue influence is to be inferred, but if those facts appear then the burden of proof that there was no undue influence is upon the proponent." (*Whitlach* v. *Fidelity & Casualty Co.*, 149 N. Y. 45; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Doheny* v. *Lacy*, 168 N. Y. 213; *Matter of Smith*, 9 N. Y. 516; *Matter of Rintelen*, 77 App. Div. 142; *Murray* v. *Norwood*, 192 N. Y. 172.)

*Thomas Gregory* for William M. Soule et al., infant legatees, appellants. There is no evidence of undue influence. The only suggestion thereof springs from the alleged relation between Reymert and decedent of attorney and client. Whatever additional burden or explanation was required of proponent by reason of this relationship was fully met, and it was error to submit this issue to the jury. (*Post* v. *Mason*, 91 N. Y. 539; *Matter of Spratt*, 4 App. Div. 1; Code Civ. Pro. § 829; *O'Brien* v. *Weiler*, 141 N. Y. 281; *Griswold* v. *Hart*, 205 N. Y. 384.)

*David Leventritt* and *Robert Thorne* for respondent. The circumstances of this case bring it well within that class of cases where there is imposed upon the proponent the burden of proving by evidence other than that of the formal execution of the instrument that it was the free, untrammeled and intelligent expression of the wishes and intentions of the testator, and the proponent of the instrument of March 25, 1909, has wholly failed to discharge that burden. (*Matter of Rintelen*, 77 App. Div. 142; *Matter of Smith*, 95 N. Y. 516.) The burden of proof upon the question of undue influence rested upon the proponent of the will of March 25, 1909. (*Matter of Smith*, 95 N. Y. 516; *Matter of Rintelen*, 77 App. Div. 142; *Matter of Sparks*, 63 N. J. Eq. 242.) There was no error in the court's refusal to charge the proponent's

requests. (*Chapman* v. *Erie R. R. Co.,* 55 N. Y. 579; *Halcomb* v. *Town of Champion,* 36 N. Y. S. R. 759; *McGrath* v. *Met. Life Ins. Company,* 6 N. Y. S. R. 376; *Gerding* v. *Haskin,* 2 Misc. Rep. 172; *Tholen* v. *B. C. R. Co.,* 10 Misc. Rep. 283.) The witness, Katherine McGee, was not incompetent under section 829 of the Code of Civil Procedure to testify as to personal transactions and communications with the testator. (*Matter of Wilson,* 103 N. Y. 374; *Loder* v. *Whelpley,* 111 N. Y. 239; *O'Brien* v. *Weiler,* 140 N. Y. 281; *Abbott* v. *Donghan,* 204 N. Y. 223.)

CULLEN, Ch. J. Two wills purporting to have been made by the testator were offered for probate in the Surrogate's Court, one dated October 29th, 1908, and the other March 25th, 1909. There was no question as to the proper execution of the earlier will nor as to its validity, except as affected by the later instrument, the execution and validity of which were contested. The surrogate admitted the first will to probate, and, thereupon, necessarily rejected the second. On appeal the Appellate Division reversed the decree of the surrogate and directed that the issues in controversy between the parties be tried before a jury upon the following questions: 1. Did Edward O. Kindberg possess testamentary capacity at the time of the execution of the alleged will of March 25, 1909? 2. Was said alleged will duly executed by him? 3. Was the execution of said will procured by fraud or undue influence practiced upon him? On a trial the jury returned its verdict, answering the first and second questions in the negative and the third in the affirmative. On this verdict the surrogate entered a decree rejecting the second will and admitting the first to probate. This decree has been affirmed by the Appellate Division and an appeal is now taken to this court.

The record before us is voluminous. A great deal of testimony was taken on the trial, and the correctness of

many rulings of the trial court as to the admission of evidence is challenged on this appeal. If, however, the verdict on any of the three questions submitted to the jury is sustained, it is necessarily fatal to the validity of the second will and the maintenance of this appeal. The learned counsel for the appellants contends that where an error has been committed in the admission or rejection of evidence as to one of the questions submitted, or in the submission thereof to the jury, the verdict as a whole should be set aside, and that "when the answer given by the jury to one of the questions shows that they were prepared to find a verdict unsupported by evidence, a new trial should also be granted as to all other issues submitted at the same time, although as to such other issues the verdict is not contrary to the evidence." *Matter of Booth* (24 N. Y. S. R. 647, 653) and *Bennett* v. *Bennett* (50 App. Div. 127, 132) are cited to sustain that proposition. There is force in the appellants' contention in this regard when addressed to a court which has power to review the action of the jury on questions of fact. But this court is confined to a review of questions of law, and we cannot say that an error in the submission of one question to the jury should, much less necessarily did, affect its verdict on the other issues. That was the decision of this court in *Petrie* v. *Petrie* (126 N. Y. 683). The learned judge who wrote the opinion in the *Bennett Case (supra)* seems to have regarded the *Petrie* case as not in point, because he considered it a case in equity. Doubtless a partition suit is a suit in equity in many respects, but so far as relates to the execution and validity of a will of real estate, it is governed by the same rules which obtain in actions at law. The validity of a will of real estate was from the earliest times triable before a jury, and that mode of trial is, therefore, protected by the Constitution. When the practice was so amended as to permit the trial of such issues in a partition suit, the Code properly and necessarily provided for

a trial by jury. Hence, the *Petrie* case is controlling. Therefore, if there was no error committed by the trial court relating to the second question submitted to the jury, to wit, the due execution of the later will, errors committed as to the other questions are immaterial.

We do not think there was any error committed by the trial court on that issue. The first ruling complained of is permitting the witness McGee to testify to personal transactions with the deceased. She was a legatee under both wills, but her legacy under the will in controversy was less in amount than that given her by the earlier will. Her interest was, therefore, adverse to the probate of the later will. We can find nothing in her testimony that has a direct bearing on the circumstances attending the execution of the second will. Moreover, she had executed a release of all her interest under the first will. It was held by this court in *Matter of Wilson* (103 N. Y. 374) and *Loder* v. *Whelpley* (111 id. 239) that under such circumstances a legatee is a competent witness to testify on a proceeding for the probate of a will. Whatever criticism may be made on the logic of those decisions, they have remained the unchallenged law too long to now disturb their authority.

It is contended that the evidence conclusively proved the due execution of the will and that the trial court erred in refusing to direct a verdict for the proponents on that issue. The testimony of the two witnesses to the will, Rozanski and Stapleton, would have authorized the jury to find that the will was duly executed, but it did not compel such a finding. The credibility of each was for the jury to pass on. Rozanski was a clerk in the office of Reymert, the lawyer who drew the will under which he as residuary legatee would take the major part of the testator's estate. Stapleton's wife was a legatee under the will to the amount of $2,500. Neither Reymert nor Stapleton's wife had been legatees under any previous will of the testator. Therefore, both these wit-

nesses, though competent to give testimony, had every inducement to sustain the will. It has often been held that the general rule that the uncontradicted testimony of unimpeached witnesses distinctly and positively to a fact should be credited and cannot be disregarded, is subject to many qualifications, one of which is that the " witnesses, though unimpeached, may have such an interest in the question at issue as to affect their credibility." (*Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Munoz* v. *Wilson*, 111 id. 295; *Dean* v. *Metropolitan Elev. Ry. Co.*, 119 id. 540; *Sonnentheil* v. *Moerlein Brewing Co.*, 172 U. S. 401.) But direct interest, such as would have disqualified the witness at common law, is not necessary to take the case without the exception. (*Elwood* v. *Western Union Tel. Co., supra; Wohlfahrt* v. *Beckert*, 92 N. Y. 490; *Volkmar* v. *Manhattan Ry. Co.*, 134 id. 418.) In the cases last cited the witnesses were employees of the party, but as a finding adverse to their employers would have charged fault on their part, their interest was held sufficient to require their credibility to be submitted to the jury. This principle is peculiarly applicable where from the circumstances of the case the testimony of the witness is not susceptible of direct contradiction.

The exception to the refusal of the court to charge that "if the jury believes the facts as stated in the testimony of either Edward J. Stapleton or Clement Rozanski, then they must find that the will was properly executed," is not well taken. Stapleton did not testify to a direct request by the testator to the subscribing witnesses, but to movements of his head which the jury might or might not have found to be an assent to the question put to him by one of the witnesses.

Equally untenable was the exception to the refusal to charge that if the jury found " that the will was executed under the supervision of a lawyer, that this affords a strong presumption that it was executed in compliance with the requirements of the statute." The court had already

charged that under such circumstances there was "ground for a fair inference that it was executed in compliance with the formal requirements of the statute." This was fully as favorable a charge as the proponents were entitled to. There would ordinarily be such a presumption (though of fact, not of law) where the execution had been under the supervision of a lawyer or any person fully conversant with the statute requirements on the subject, but in this case the persons supervising the execution of the will were not disinterested.

These views dispose of the case. It is not necessary to consider the rulings of the court on the other questions submitted to the jury. But there was an error in the charge of the trial court on the issue of undue influence which we ought not let pass unnoticed, though the error cannot affect our decision. The court charged that the burden of proof upon the question of undue influence rested on the proponent of the second will. It is claimed that this ruling was justified by the decisions in *Matter of Smith* (95 N. Y. 516) and *Matter of Rintelen* (77 App. Div. 142). The rule that a transaction between an attorney and client conferring a benefit or advantage on the former is presumptively invalid, and the burden of relieving himself from that presumption rests on the attorney, is confined to transactions or gifts *inter vivos* and does not apply in all strictness to a gift by will. (*Coffin* v. *Coffin*, 23 N. Y. 9; *Post* v. *Mason*, 91 id. 539.) Judge ANDREWS in the *Smith* case recognized this rule, but he did say, "taking all the circumstances together — the fiduciary relation, the change of testamentary intention, * * * a case was made which required explanation, and which imposed upon the proponent the burden of satisfying the court that the will was the free, untrammeled and intelligent expression of the wishes and intention of the testatrix." (p. 523.) This is a very different proposition from the statement that the burden of proof was on the proponent. Undue influence is an affirmative assault on the validity of a

will, and the burden of proof does not shift, but remains on the party who asserts its existence. (*Tyler* v. *Gardiner*, 35 N. Y. 559; *Cudney* v. *Cudney*, 68 id. 148; *Matter of Martin*, 98 id. 193, 196.) The learned trial court fell into an error similar to that at times occurring in the trial of actions for personal injuries through negligence. The circumstances of the occurrence may, under the rule of *res ipsa loquitur*, create a presumption of negligence which in the absence of explanation will authorize a jury to render a verdict for the plaintiff. Notwithstanding this, the burden of proof never shifts, but taking presumption and proof together, it still rests upon the plaintiff to satisfy the jury on the whole case by a preponderance of evidence that the defendant was guilty of the negligence charged. (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380; and to the same effect, *Whitlatch* v. *Fidelity & Casualty Co.*, 149 id. 45.)

The order appealed from should be affirmed, with costs.

GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.