Matter of the Estate of CAROLINE FORSTER, Deceased.

(Surrogate's Court, Bronx County, November, 1918.)

**Wills — how far declarations of testatrix made subsequently to execution of will are competent — evidence.**

Declarations of a testatrix, made some years after the execution of her will offered for probate, to the effect that she had not executed a will other than one she made at a time prior to the date of the paper in question, are competent only in so far

as they may tend to show her mental condition at the time of the execution of the will offered for probate and aid in determining whether she had testamentary capacity; they may also be considered on the question of undue influence but they are not competent evidence of the truth of the assertions made, nor can they be given any weight to impeach the validity of the will on the ground of fraud, duress or other like causes.

PROCEEDINGS on a contested probate, before the surrogate without a jury.

Joseph J. Speth, for petitioner.

Strauss, Reich & Boyer and Frederick W. Sperling, for contestants.

James A. Martin, special guardian for infant contestant.

SCHULZ, S. By uncontradicted testimony it has been shown that the statutory formalities were duly observed in the execution of the propounded document by a competent testatrix of full age. There is no evidence upon which I can base a finding of fraud or deceit or which would in my opinion warrant the conclusion that the testatrix did not understand the nature and purport of the document in question.

The declarations referred to in the briefs, which the decedent is said to have made some years after the execution of the instrument to the effect that she had not executed a will other than one she made at a time prior to the date of the paper in question, are competent only in so far as they may tend to show the mental condition of the testatrix at the time of the execution of the document and aid in determining whether she had testamentary capacity. They may also be considered upon the question of undue influence because the mental strength

and condition of the testatrix are in direct issue in every case of alleged undue influence. Such declarations are not competent evidence, however, of the truth of the assertions made, nor can they be given any weight to impeach the validity of the will on the ground of fraud, duress, imposition or other like causes. 1 Jarman Wills, 36; Wigm. Ev. § 1738; *Waterman* v. *Whitney,* 11 N. Y. 157; *Marx* v. *McGlynn,* 88 id. 357, 374; *Matter of Woodward,* 167 id. 28; *Smith* v. *Keller,* 205 id. 39.

When considered with the limitation thus placed upon their competency, I find nothing in them to warrant the conclusion that the testatrix was of unsound mind or that undue influence prevailed. It cannot be presumed that undue influence was used because the opportunity to use it existed. *Cudney* v. *Cudney,* 68 N. Y. 148; *Post* v. *Mason,* 91 id. 539. While it is not often the subject of direct proof, it must nevertheless be the subject of proof or there must be evidence from which its existence may be reasonably inferred. *Loder* v. *Whelpley,* 111 N. Y. 239; *Matter of Richardson,* 137 App. Div. 103; *Matter of Campbell,* 136 N. Y. Supp. 1086. Upon the issue of undue influence the burden of proof is upon the contestants. *Matter of Kindberg,* 207 N. Y. 220. This burden has not been sustained by them.

It follows that the objections must be dismissed and the propounded paper admitted to probate. Costs are awarded to the proponent and the special guardian payable out of the estate.

Decreed accordingly.