The judgment should be reversed and a new trial granted.

All concur.

Judgment of conviction reversed and new trial granted.

---

In the Matter of the Probate of the Will of PETER PERKETT, Deceased.

MARY JANE PERKETT, Appellant; ENOS MARTIN, JR., as Executor, etc., of PETER PERKETT, Deceased, Respondent.

Third Department, July 8, 1920.

**Wills — objection to probate on ground that will was not executed with statutory formalities — direction of verdict against objectant improper where evidence presents question of credibility of subscribing witnesses.**

It was error for the court to direct the jury, on the trial of an issue raised by objections to the probate of a will on the ground that the will was not executed with the statutory formalities, to render a verdict unfavorable to the objectant, who was the widow of the testator, where it appeared that one of the subscribing witnesses was the attorney for the testator and represented him in an action brought by his wife for separation in which the testator interposed a counterclaim for divorce; that he was attorney for the testator in an action for the alienation of the affections of the testator's wife; that he personally instituted criminal proceedings against the objectant; that he was the proposed executor in the will offered for probate; that the other subscribing witness was a niece of the testator with whom he resided and the mother of three legatees named in the will, and that both subscribing witnesses had claims against the estate of the testator in substantial amounts and unliquidated in their nature.

Under such circumstances the credibility of the testimony of the subscribing witnesses should have been submitted to the jury.

The fact that there were two prior wills substantially the same as the one offered for probate, to both of which the attorney acted as a subscribing witness, does not destroy the importance of the question of the credibility of the subscribing witnesses, though it may perhaps diminish the importance thereof.

APPEAL by Mary Jane Perkett from a decree of the Surrogate's Court of Essex county, entered in the office of the clerk of said court on the 31st day of October, 1919, admitting to probate the last will and testament of Peter Perkett, deceased.

*Horatio W. Thomas*, for the appellant.

*S. E. Maders* [*J. H. Booth* of counsel], for the respondent.

COCHRANE, J.:

The appellant, Mary Jane Perkett, is the widow of the deceased. She filed objections to the probate of his will, alleging that the will was not executed with the statutory formalities, that he was incompetent, and that he was unduly influenced. A jury trial on the issues thus formed was duly demanded. The surrogate directed the jury to render a verdict unfavorable to the appellant on every ground specified by her in her objections. She appeals, urging on this appeal that the evidence was such as to require submission to the jury of the question as to whether the will was executed with proper formalities, and also the question as to whether it was the product of undue influence. In my view of the case it will only be necessary to consider the first question.

The will was executed April 27, 1919, and the testator died within three months thereafter. His age was seventy-seven years. He could not read or write, except his name. He was childless. In the latter years of his life a serious estrangement existed between him and his wife, this appellant. When he died she had an action pending against him for separation in which he had interposed a counterclaim demanding a divorce. The will disposes of both real and personal property but not very much of either, the testator being a man of moderate means. As far as it was possible for him to do so he excluded his wife from all participation in his estate. This was not unnatural in view of the circumstances. The entire estate was given to collateral relatives. Within a year the testator made three wills, including the one in question, the provisions of which did not materially vary. The first will had been destroyed. The second was produced on the trial of this proceeding.

One of the subscribing witnesses to the will in question was the attorney who drew the will. He was at the time of the death of the testator also his attorney in the action pending between him and his wife and in another action brought by the testator for the alienation of the affections of his wife. The witness had personally instituted criminal proceedings against the appellant. He was the attorney in this proceeding for the proponent of the will, the proposed executor therein named, and if the will is sustained it is a reasonable inference that he expects to perform the legal work in the settlement of the estate. The other subscribing witness was a niece of the testator and is the mother of three of the legatees named in the will and the daughter of another legatee. The testator at the time of his death and for some time prior thereto resided in her family, which included herself and her husband and said four legatees. Both subscribing witnesses have claims against the estate of the deceased in substantial amounts and unliquidated in their nature, the one for legal services and the other for boarding and caring for the deceased. Quite naturally payment of those claims may be facilitated and expedited by a friendly executor rather than by a hostile administrator. It is no reflection on either of these subscribing witnesses to say that the circumstances were such as to make the credibility of their testimony a proper subject for the consideration of a jury. We are only applying to an existing state of facts the law as it has heretofore been declared.

In *Matter of Kindberg* (207 N. Y. 220, 226) one of the subscribing witnesses was a clerk in the office of the lawyer who drew the will by which he was largely benefited, and the other subscribing witness was the husband of a legatee under the will, and it was held that the credibility of each witness was a matter for the consideration of a jury. It is very clear that in the present case both the subscribing witnesses are pecuniarily interested in sustaining the will. Furthermore the fact that the attorney was an active participant in the legal controversies between the testator and his wife, which had naturally resulted in considerable bitterness, and the fact that the other subscribing witness as a relative of the testator and the person with whom he resided not

unnaturally may have possessed perhaps unconsciously a bias in his favor and against the appellant, accentuate the necessity of the submission to the jury of their credibility. It has been frequently held that the credibility of witnesses must be considered by a jury in cases where the interest of the witnesses was not so pronounced as in this case. (See authorities cited in *Matter of Kindberg, supra,* at p. 227.)

It is true there were two previous wills substantially the same as the one offered for probate and it is urged that whatever interest these witnesses may have in the result of this litigation would be protected by the former wills if the last one should be rejected. That does not necessarily follow. The execution of those wills would then be open to attack. The same attorney was a subscribing witness to all three wills. The first will has been destroyed and he has forgotten the other subscribing witness thereto. The other subscribing witness to the second will was a witness herein and testified as to its execution. His recollection failed on the important point of the declaration of such will by the testator. The probate of that will was not in issue in this proceeding, but if it had been the proponent of such will would have been obliged to rely on the testimony of the attorney to prove the declaration of the will by the testator. The most that can be said about the existence of those former wills as bearing on this question is that they perhaps diminish the importance of the credibility of the subscribing witnesses to the will in question but do not destroy the importance of that question.

It follows that the decree should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Decree reversed and new trial granted, with costs to the appellant to abide the event.