Matter of the Estate of THERESA O'BRIEN, Deceased.

(Surrogate's Court, New York County, January, 1921.)

*Wills — contested probate — verdict of jury, that deceased was of sound mind and of testamentary capacity but that the will was procured by undue influence, set aside — burden of proof as to undue influence does not shift but remains on the party who asserts its existence — the inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference.*

PROCEEDING upon the probate of a will.

Francis J. Hogan, for petitioner.

John J. Cunneen, for contestants.

FOLEY, S. Upon the trial of this contest the jury found in answer to specific questions submitted, first,

that at the time of the execution of the will the deceased was of sound mind and possessed of testamentary capacity, and second, that the will was procured by undue influence. The proponent moves to set aside the verdict on the finding of undue influence. The contestants move to set aside the verdict on the finding of testamentary capacity. The motion of the proponent will be granted on the grounds that the verdict of the jury is inconsistent, is against the evidence and weight of evidence and contrary to law. Mrs. O'Brien at the time of the execution of the will was about eighty years of age. She left as next of kin two sisters and over thirty nephews and nieces. The estate is small and amounts to the sum of $2,600 in cash and securities and a judgment of doubtful value. The will bequeaths $500 to each of two nieces and the residuary estate of approximately $1,600 to her · sister, Mrs. Larkin. The other sister, not mentioned, was apparently older than Mrs. O'Brien and the decedent appears to have understood that she was sufficiently provided for. This other sister did not contest the will. The verdict is not sufficiently supported and the contestants have failed to sustain the burden imposed upon them under the authorities. *Matter of Kindberg*, 207 N. Y. 220; *Matter of Ruef*, 180 App. Div. 203; *Smith* v. *Keller*, 205 N. Y. 39; *Matter of Woods*, 189 App. Div. 324; *Matter of Powers*, 176 id. 455; *Matter of Hall*, 193 id. 362; *Matter of Sullivan*, 229 N. Y. 440; *Matter of Brand*, 185 App. Div. 134; *Children's Aid Soc'y* v. *Loveridge*, 70 N. Y. 387, and the recent decision of the Appellate Division, first department, in *Burke* v. *Burke*, 193 App. Div. 801. Undue influence is an affirmative assault upon the validity of a will, and the burden does not shift but remains on the party who asserts its existence. *Matter of Kindberg, supra*. Although the testatrix was of advanced years and in failing health from hardening of the arteries, the evidence shows that

she possessed a fairly strong mind for a woman of her age; that she lived alone and kept house for herself; that she visited her relatives, traveling comparatively long distances in the city to their residences; that she went to church regularly alone; that she conversed with persons intelligently, and that she was familiar with the property that she intended to distribute. The will was executed on October 29, 1919, about three months before her death. The jury's finding on the question of testamentary capacity is amply justified. The contestants charge that undue influence was exerted by Mrs. Larkin, the sister of the decedent. The testatrix had made a previous will less than a month before the will now offered for probate. Under this her property was bequeathed in equal shares to four nieces. One niece, Mrs. Loftus, under both wills received about the same amount. The earlier will was executed while Mrs. O'Brien was visiting the residence of these nieces, and at the same time she delivered certain registered bonds to one of the nieces for safekeeping. The inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference. *Matter of Ruef, supra.* The measure of what constitutes undue influence is stated by the Court of Appeals in *Smith* v. *Keller,* 205 N. Y. 39, 44, as follows: " The giving of advice and the use of argument and persuasion do not constitute ground for avoiding a will made by a competent testatrix even if the will is made in conformity with the advice so given. A will cannot be avoided because of the influence of another unless it appears that the influence exerted was so potent at the time the will was made as to take away and overcome the power of the testatrix at that time to act freely and upon her own volition. The influence of another to avoid a will must amount to coercion and duress."

The testimony of contestants' principal witness,

Mrs. Kleber, a neighbor, is overcome by the testimony of Mr. Hogan, a reputable attorney of standing, who drafted the will. He testifies that no person was present in the room at the time of the preparation of the will, although Mrs. Larkin, the residuary legatee, was in another room of the apartment. The testatrix discussed with him the terms of the will, the question of the return of her bonds from Mrs. Meagher, with whom they had been left, and on the same day she signed an affidavit and order to authorize their return through Mr. Hogan. He testified that the testatrix informed him of her desires freely and without coercion. The testimony of Mrs. Kleber is far from satisfactory on this issue. She has a claim against the estate for " board and attendance " for decedent. There is no evidence to establish that undue influence was exercised by Mrs. Larkin upon the testamentary act. She had the right to use any reasonable and legitimate arguments to induce her sister to make a will in a particular way. The effect of the second will was to revoke legacies made to three of the nieces of the testatrix and to provide for her sister and two of her nieces. In giving her sister, with whom she was on affectionate terms, a larger amount of her estate, the will appears to be fair, just and natural. The persons overlooked by her had no special claims upon her bounty. I am not satisfied from the evidence that the sister, a woman of over seventy years of age, was a party to a conspiracy to obtain this will. In the recent decision of the Appellate Division in *Burke* v. *Burke,* 193 App. Div. 801, Mr. Justice Greenbaum quotes from the opinion in *Eckert* v. *Page,* 161 App. Div. 154: " But the court proceeds with great caution in setting aside the probate of a will on the ground of undue influence. It requires that fact to be established by satisfactory evidence, and if it is not, then it never hesitates to set aside the finding of a jury to the contrary."

Although a serious doubt exists whether, in accordance with the trend of recent decisions, the will should not be admitted to probate forthwith (*Matter of Case,* 214 N. Y. 199, 204; *Matter of Kennedy,* 229 id. 567; *Matter of McGill,* Id. 405; *Matter of Goodhart,* 173 App. Div. 256), I believe justice requires that a new trial be had.

Decreed accordingly.