In the Matter of the Estate of CHARLES J. STEINAN, Deceased.

Surrogate's Court, New York County, January 18, 1928.

**Wills — probate — burden of proof as to undue influence and fraud is on contestant — burden never shifts to proponent — evidence as to declarations of testator subsequent to execution of will inadmissible — proponent not required to explain why testator left niece out of will — probate allowed.**

In a proceeding for the probate of a will, the burden of proof as to undue influence and fraud is on the contestant, and this burden never shifts to the proponent.

MATTER OF STEINAN. **179**

Misc. 178]    Surrogate's Court, New York County, January, 1928.

Testimony involving declarations and conduct of the testator at various periods subsequent to the execution of the will is inadmissible.

The fact that the contestant offered evidence to show that the testator was very fond of a niece and had said that he would take care of her, etc., does not shift the burden of proof on the prooponent, so as to require an explanation why the testator left said niece out of the will.

The instrument offered should be admitted to probate, since there is no proof that the testator was unduly influenced in the making of the instrument, or that any of the provisions thereof were unnatural or inconsistent with his duties and obligations to the members of his family.

PROCEEDING for probate of will.    Motion to set aside verdict of jury as directed by the court.

*Douglas, Armitage & McCann*, for the proponent.

*Saul Steinlauf*, for the contestant.

O'BRIEN, S.    In the will herein contested testator after making several small bequests to his nieces and nephew gives the residue of his estate to his wife, and, if she be not living, to several charities and to said nieces and nephew.    He names his widow as executrix. She is the proponent of the will and the contestant is a niece of decedent, Sadie Stark.    The trial of this contest was had before a jury.    The factum of the will was proved by the subscribing witnesses, two of whom are lawyers of mature experience and the third a young lady who at the time of the execution was a clerk in the office of said attorneys.    Decedent's wife was not present at the time of said execution.    Besides covering all the requisites of a proper execution of the will, these witnesses testified that in their opinion testator was of sound mind at said time.    The cross-examination of these witnesses developed not a scintilla of evidence either weakening or contradicting their testimony.    No testimony was presented in opposition thereto.    Proponents rested after offering these proofs.    Contestant in presenting her case offered no testimony contradicting in any way the proofs of the proponent upon the factum of the will and the testamentary capacity of testator, which are the subjects embodied in the first four questions in the framed issues; but confined herself to the fifth question, viz.: "Was the execution of said paper caused or procured by the undue influence of any person or persons?"    The witnesses called to prove undue influence were Mrs. Cecil B. Stark and Leonora E. Stark, sisters-in-law of contestant; Siegfried Stark and Dr. Morris Stark, brothers of contestant and nephews of testator; Henry F. Kaufman and Abraham Scheuer, who were not related to the parties to this contest.    Part of the testimony offered by contestant, viz., testimony involving declarations and conduct of testator at various periods subsequent to the execution of the will, was excluded and properly so.    (*Matter of Price*, 204 App. Div. 252; affd., 236

N. Y. 656.) The remainder of the testimony was to the effect that testator spoke favorably about his niece, the contestant, stated that he was very fond of her and that he would see that she was taken care of, etc. The record is utterly void of any legal evidence that the testator was unduly influenced in the making of his will. The burden of proof as to undue influence and fraud is on the contestant and this burden never shifts to the proponent. (*Matter of Kindberg*, 207 N. Y. 220; *Tyler* v. *Gardiner*, 35 id. 559; *Cudney* v. *Cudney*, 68 id. 148; *Matter of Martin*, 98 id. 193, 196.) Contestant's attorney urged quite an original view of the law bearing upon undue influence in asserting that the contestant having shown that testator was fond of said niece, and had said he would take care of her, etc., the burden shifted to proponent to explain why he had left said niece out of his will. It is needless to say that were this a correct statement of the law, hardly any valid and proper will would be safe from assail. *Matter of Budlong* (126 N. Y. 423), relied upon by the contestant, has no application to this case for the reason that the circumstances here are wholly different. There is nothing unnatural in the provisions of this will or inconsistent with the testator's duties and obligations to the different members of his family. Testator had no children and he quite properly made his wife his chief beneficiary. The contestant has utterly failed to show any undue influence exercised upon the testator by any one, as that term is defined by the courts. The motion to set aside the verdict as directed by the court upon which decision was reserved must be denied. (*Smith* v. *Keller*, 205 N. Y. 39; *Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of Kindberg, supra; Matter of Price, supra*.) A decree may, therefore, be submitted on notice dismissing the objections and admitting the will to probate in accordance with the verdict of the jury as directed by the court.