In the Matter of the Estate of MARGARET A. WHITMARSH, Deceased.

Surrogate's Court, Albany County, April 5, 1929.

*Earle J. Wiley*, for the proponent.

*James A. Quinn*, for the contestant.

SCHENCK, S. Margaret A. Whitmarsh, the decedent, executed the alleged will May 23, 1925, and was on that date about seventy-three years of age, living alone in Watervliet. On or about April 22, 1926, she was examined at St. Peter's Hospital and it was found that she had a marked arteriosclerosis and a further examination by physicians, on May 5, 1926, resulted in a finding that she was suffering from senile dementia and she was committed to the Hudson River Hospital, a few days later, on a certificate of lunacy.

The issues raised by the objections embrace the execution of the instrument, undue influence exerted over decedent and want of testamentary capacity. The issues were tried by the court without a jury.

There is nothing in the evidence to indicate a failure of proper execution. The instrument was executed under the supervision of Mr. Roland Ford, a competent attorney, which fact alone affords a strong presumption of compliance with the statutory requirements. (*Matter of Nelson*, 141 N. Y. 152; *Matter of Cottrell*, 95 id. 329.)

The proof clearly indicates that all of the necessary formalities have been complied with and I find that the instrument was duly

executed; and having been duly executed with proper observance of all the legal formalities, it should be probated, unless it is not the will of a competent testator. (*Matter of Dunn*, 184 App. Div. 386.)

This brings us to the question of undue influence and as to this issue the contestants have the burden of proof. Undue influence is an affirmative assault on the validity of a will and the burden does not shift, but remains on the party who asserts its existence. (*Matter of Kindberg*, 207 N. Y. 220.)

The elements of undue influence are motive, opportunity and the exercise of the act upon the testator. It is not sufficient to show that a party benefited by a will had the motive and the opportunity to exert such influence, but there must be evidence that he did exert it and did so control the actions of the testator, either by importunities which he could not resist or by deception, fraud or other improper means, that the instrument is not really the will of the testator.

In the present proceeding it is not for the court to judge of the justice of the provisions of the will, or of the reasons which testatrix had for making Joseph Bishop principal beneficiary. While the character of the provisions of any will may be considered in connection with other evidence in trying the question of undue influence, it is not in itself evidence of such influence. Therefore, however partial or unjust a testator may seem to have been in his testamentary disposition, if the instrument propounded is actually his will, effect must be given to it. (*Cudney* v. *Cudney*, 68 N. Y. 148.)

There must be proof that influence of another, exerted at the time the will was made, was so potent as to take away and overcome the power of the testator at that time to act freely and upon his own volition. I find nothing in the evidence in support of contestant's claim of undue influence that meets the requirements of the rules laid down by our courts. (*Matter of Dunn, supra; Matter of Powers*, 176 App. Div. 455; *Matter of Fleischmann*, Id. 785; *Matter of Heaton*, 224 N. Y. 22.)

A testamentary gift to strangers of the blood does not presuppose undue influence. Nor is influence which exists from affection or a desire to repay kindness such undue influence as is sufficient to defeat a will. (*Matter of Tymeson*, 114 Misc. 643.)

Contestants having failed to sustain the burden of proof as to undue influence, there is left for consideration the issue as to the testamentary capacity of decedent.

It is elementary that a person making a will must have sufficient mental capacity to comprehend the nature and condition and

disposition of his property and his relation to the persons who were or might have been the natural objects of his bounty; but it must be remembered, also, that less mental faculty is required to execute a will than any other legal instrument. (*Matter of Moyer*, 97 Misc. 512; *Matter of Tymeson, supra.*)

Margaret A. Whitmarsh, the decedent, at the time of her death, owned certain property. She could do with it as she pleased. The laws of the State do not require that she be just or that she recognize her relatives. So long as this will is her will and not that of Mr. Bishop or some other person or persons, it must stand, if she were at the time competent to make it. (*Dobie* v. *Armstrong*, 160 N. Y. 584; *Matter of Huber*, 103 Misc. 599.)

It does not require a very high degree of mentality to make a valid will. If at the time she executed this instrument, decedent knew enough to understand and appreciate the nature and extent of her property and if she knew the relation she bore to those who would or might naturally be the objects of her bounty, and if she understood what she was doing when she made the will, she possessed testamentary capacity, even though she may have been an old woman and not of the highest and strongest mentality. (*Matter of Wolf*, 196 App. Div. 722.)

It is not the medical soundness of mind that governs, but testamentary capacity and soundness of mind as defined by law. True the decedent was an elderly woman, living alone, in a home in which there was considerable evidence of poverty and squalor; but neither this nor the fact that by reason of her advanced age she was quite feeble, will produce a presumption against the validity of this instrument. The law does not seek to put obstacles in the way of the aged and infirm in making testamentary disposition of their property. That testatrix was old and enfeebled did not necessarily make her incompetent. Certainly the law does not disqualify a person because of slovenliness of person, dress or manner of living from making a valid will. (*Matter of Schober*, 90 Misc. 230; *Matter of Cutter*, 175 App. Div. 647.)

The fact that decedent was committed to an institution for the care of the insane nearly a year after the making of the will does not justify the finding that she did not possess legal mental capacity at the time of the execution of this instrument. The evidence presented by the physicians who examined her about a year after the date on which the will was executed indicates that at that time she was suffering from senile dementia, resulting from arterio-sclerosis. But this in itself does not warrant a finding that sclerotic insanity existed in May, 1925, nearly a year prior to the date of such examination. That arteriosclerosis is a progressive disease

and in the opinion of the examining physicians the disease might have extended over a period of four or five years prior to the date of her commitment to the State hospital, is not sufficient proof of want of testamentary capacity.

That Mr. Bishop was frequently in the home of decedent and that she had withdrawn her savings from one bank and placed same in another bank in a joint account with him does not indicate a want of legal mental capacity to make testamentary disposition of her property. Nor can the inference of undue influence by reason of the advanced age and physical condition of decedent be drawn from any circumstances which may be found in the evidence, for they are not inconsistent with a contrary inference. (*Matter of Ruef*, 180 App. Div. 203.)

The measure of what constitutes undue influence may be found in *Smith* v. *Keller* (205 N. Y. 39), where the court says: " The giving of advice and the use of argument and persuasion do not constitute ground for avoiding a will made by a competent testatrix even if the will is made in conformity with the advice so given. A will cannot be avoided because of the influence of another, unless it appears that the influence exerted was so potent at the time the will was made as to take away and overcome the power of the testatrix at that time to act freely and upon her own volition. The influence of another to avoid a will must amount to coercion and duress."

The evidence of the examining physicians that decedent, in their opinion, as a result of an examination made in May, 1926, was suffering from a progressive disease in May, 1925, which resulted in a condition of senile dementia in May, 1926, is insufficient proof on which to predicate want of legal testamentary capacity. If contestants made their case on testamentary capacity alone, they have failed to prove testatrix incapable of making a will on the day it was made. On the other hand, if contestants rely on undue influence, they have the burden of proof and this burden never shifts. Furthermore, proof of the evidence of undue influence always presupposes that mental capacity exists. (*Matter of Dunn, supra.*)

The evidence of contestants fails to prove testatrix incapable of making a will on the day it was made. Having legal testamentary capacity on that date, it was decedent's privilege to determine the disposition of her property.

The will of Margaret A. Whitmarsh dated May 23, 1925, will be admitted to probate.

Decreed accordingly.