In the Matter of Proving the Last Will and Testament of MARY A. CONNOR, Deceased.

THOMAS F. GALVIN, as Executor, etc., Appellant; RUTH CONNOR and Others, Respondents.*

Third Department, June 27, 1930.

*Thomas F. Galvin* [*Owen D. Connolly* of counsel], attorney in person.

*Guy F. Swinnerton,* special guardian and attorney for the respondents.

HASBROUCK, J. This case comes here upon an appeal of the executor of Mary A. Connor, deceased, from a decree of the Surrogate's Court of Rensselaer county denying probate to her will.

The denial is based alone upon the facts that the proponent was a relative and acted as her attorney in drawing the will and that Marion C. Galvin, Elizabeth Galvin and Margaret Galvin, cousins of the testatrix and sisters of the proponent, are named among the residuary devisees and legatees of the testatrix, and the daughters of the proponent Marion F. Galvin and Virginia Galvin are named as contingent remaindermen of any of said Galvin sisters dying before the testatrix.

The respondents Ruth Connor and Helen Connor are grandnieces and Rose M. Strain, Anna B. Connor, Mary R. Connor, John J. Connor and William Connor are nieces and nephews of the testatrix. The will was contested by the respondents upon the grounds:

1. That testatrix was not capable of making a will.
2. That the execution of the will was obtained by undue influence.

* Revg. 135 Misc. 740.

The surrogate decided that the testatrix possessed testamentary capacity; and further that the contestants have failed to show by a preponderance of evidence that Mary A. Connor was unduly influenced except that testatrix " was dealing alone with the petitioner who was her attorney. * * * "

Based upon such fact the surrogate found " the petitioner has failed to satisfy this court that the execution of said paper was the free, untrammeled and intelligent expression of the wishes and intention of said Mary A. Connor."

All questions have been removed from the case on this appeal except the effect of the fact that testatrix was dealing with the petitioner who was her attorney in the drafting of her will.

There are no facts and circumstances to show undue influence. It cannot be shown by the benefits obtained by Galvin's sisters nor by the contingent devises or legacies to his daughters. If it be not sufficient to show Galvin himself benefited by the will, much less is it sufficient to show that his sisters benefited and contingently his daughters. To overthrow a will for undue influence, motive and opportunity to exert influence must appear, and further the exertion of such influence to such extent that the will of the maker was overthrown and that of the attorney substituted for it. (*Matter of Anna*, 248 N. Y. 421; *Matter of Cornell*, 43 App. Div. 241; affd., 163 N. Y. 608; *Rollwagen* v. *Rollwagen*, 63 id. 504, 519.)

Here there is no evidence of an opportunity upon the part of Galvin to exert influence, no evidence that he had any influence over the testatrix to exert. There is an utter absence of evidence that he did actually exert or even attempt to exert any influence over the testatrix.

The respondents rest their case upon the language of Judge ANDREWS in *Matter of Smith* (95 N. Y. 516) and the surrogate predicated his decision thereon, as one may readily discover, in the phraseology of the fifth finding of fact above quoted.

Judge ANDREWS in part said: " * * * A case was made which required explanation and which imposed upon the proponent the burden of satisfying the court that the will was the free * * * expression of the * * * intention of the testatrix."

Of this language, CULLEN, Ch. J., in *Matter of Kindberg* (207 N. Y. 220) said: " This is a very different proposition from the statement that the burden of proof was on the proponent. Undue influence is an affirmative assault on the validity of a will, and the burden of proof does not shift, but remains on the party who asserts its existence." (Citing *Tyler* v. *Gardiner*, 35 N. Y. 559; *Cudney* v. *Cudney*, 68 id. 148; *Matter of Martin*, 98 id. 193, 196.)

The error of the surrogate in the instant case becomes clear.

He allowed the case of the proponent to fail because his explanation alone and by itself "failed to satisfy this court."

The determination of the surrogate flouted all the other evidence in the case and turned not upon the case but an incident of it; not upon the whole case and the burden of proof in it but upon the burden of proof on the question as to whether there was need of an explanation by the attorney or as to whether, if it were attempted, it was satisfying to the court.

Judge CULLEN made the error clear by pointing out the similarity of the presumption resting in the attorney and client rule with that of the maxim *res ipsa loquitur*. The latter created a presumption which is but part of a case of negligence which will authorize a verdict if no other evidence be given, but the question yet remains to be decided on the whole case whether there lies with the plaintiff the preponderance of the evidence. So in the case at bar whether the attorney has explained satisfactorily or not there still remains the question upon all the facts and circumstances whether the respondents have sustained the burden of proof on the question of undue influence. (*Matter of Kindberg, supra.*) A further similar rule involving presumptions obtains in the law of bailment where it has been proved that the goods were in sound condition when received by the bailee. (*Isler* v. *Linde Co.*, 33 Misc. 465, citing *Smith* v. *New York Central R. R. Co.*, 43 Barb. 225; 1 Greenl. Ev. § 79.)

We disagree with the conclusion reached by the surrogate. We find no evidence that the proponent exerted any influence, much less undue influence, upon the testatrix in the execution of her will. It should be admitted to probate.

The decree of the surrogate should be reversed on the law and facts, with costs of this appeal to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court with directions to probate the will, with costs in Surrogate's Court to be allowed by the surrogate.

The court reverses the fifth finding of fact, together with the exception stated in the sixth finding of fact relating thereto and approves the other findings of fact and concludes as matter of law that the will of the testatrix is entitled to probate.

Findings and order to be settled before Mr. Justice HINMAN on five days' notice.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur.

Decree reversed on the law and facts, with costs of this appeal to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court with directions to probate the will, with costs in Surrogate's Court to be allowed by the surrogate.