■ In the Matter of the Estate of JULIUS WEINSTOCK, Deceased. ABRAHAM A. KATZ et al., Appellants; EVA R. USDAN et al., Respondents.— In a probate proceeding, petitioners appeal, as limited by their notice of appeal and briefs, from so much of a decree of the Surrogate's Court, Nassau County, dated July 25, 1974 and made after a nonjury trial, as (1) declared invalid and struck from the will the provision appointing them coexecutors, (2) revoked the preliminary letters testamentary theretofore granted to them, (3) directed them to file and proceed to judicially settle their account and to deliver all estate files to the successor fiduciary, (4) appointed respondent Usdan administratrix *c. t. a.* and directed her, as administratrix, to make certain payments and (5) awarded costs and · disbursements to respondents. Decree modified, on the law and the facts, by (1) striking from the first decretal paragraph thereof the portion which excepts from probate the designation of appellants as coexecutors and declares that designation invalid; (2) striking the second and third decretal paragraphs thereof and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that Abraham A. Katz and Elliott L. Katz, persons named in the aforementioned

last will and testament of decedent herein (the other coexecutor named therein, Ernest Canfield, having resigned by instrument filed in this court), and to whom preliminary letters testamentary were granted by this court on September 7, 1972, shall be appointed as coexecutors of the estate of the decedent herein and letters testamentary shall be issued to them upon qualifying according to law and the filing of a surety company bond in the sum of $40,000; and it is further"; (3) striking from the seventh and eighth decretal paragraphs the words "Administrator c. t. a." and substituting therefor the word "coexecutors" and (4) striking from the tenth decretal paragraph the words "the successful contestants". As so modified, decree affirmed insofar as appealed from, with one bill of costs jointly to the parties appearing separately and filing separate briefs, payable out of the estate. Proponents, to whom preliminary letters testamentary were issued, were the attorneys-draftsmen of the propounded will. Standard objections to probate thereof were filed and a hearing held. The will was admitted to probate, although probate was denied to a codicil, with the exception of paragraph "Eighth" of the will, which appointed executors, two of whom are the petitioners. A third nominated coexecutor renounced his appointment. The Surrogate found, *inter alia*, that petitioners, by having themselves nominated as coexecutors, were guilty of "constructive fraud". However, "The fraud which will vitiate a will must be active, tortious, and deceitful, and not fraud of a constructive or resultant nature * * * It is no badge of fraud that the draftsman of the will was appointed executor" (94 C. J. S., Wills, § 222). Moreover, the record fails to sustain the conclusion of the learned Surrogate with regard to his finding of constructive fraud. The objectants failed to sustain their burden of establishing, by clear and convincing proof, that petitioners were guilty of such fraud and undue influence as would vitiate the entire will or any part or parts thereof (*Matter of Walther*, 6 N Y 2d 49; *Matter of Moskowitz*, 279 App. Div. 660; *Matter of Henderson*, 253 App. Div. 140; *Matter of Connor*, 230 App. Div. 163). Accordingly, the decree appealed from should be modified so as to grant probate unconditionally to the propounded will and further as hereinabove directed. Gulotta, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur. [78 Misc 2d 182.]