◼ In the Matter of the Trust Made by MARYAN SOLTYS. BARRY M. LIPPMAN, as Trustee of the Trust Made by MARYAN SOLTYS, Petitioner; CHARLES SOLTYS et al., Appellants, and DOROTHY POCIATEK, Respondent. [606 NYS2d 364] —Casey, J. Appeal from a judgment of the Supreme Court (Connor, J.),

entered July 9, 1992 in Ulster County, upon a verdict rendered in favor of respondent Dorothy Pociatek.

On this appeal, the validity of an amendment of the grantor-decedent's inter vivos trust is at issue. Pursuant to the terms of the original trust agreement, respondent Dorothy Pociatek, who is the grantor's daughter, was designated trustee, and upon termination of the trust the remainder of the assets were to be distributed equally among Pociatek, respondent Antonia Diodato, who is the grantor's adopted daughter, and respondent Charles Soltys, who is the grantor's son. The grantor's will nominated Pociatek as executrix and directed that, upon the grantor's death, her estate assets were to be divided equally among her three above-named children. The grantor executed two amendments to the trust agreement, which modified certain property dispositions, but left intact the equal distribution of the trust assets among the grantor's children. Prior to the second amendment of the trust, Pociatek voluntarily resigned as trustee and petitioner, an attorney, was named to replace her. After the grantor was hospitalized, she had Lippman prepare a third amendment to the trust agreement, which divided the trust assets equally between Soltys and Diodato without any provision for Pociatek.

Following the grantor's death, petitioner applied to Supreme Court for judicial settlement of the final trust account and requested equal distribution of the assets to Soltys and Diodato. Pociatek interposed an answer that included an affirmative defense of undue influence of the grantor by Soltys. The issue was tried before a jury and a verdict was rendered finding that the grantor had, in fact, been unduly influenced by Soltys in executing the trust amendment at issue. A judgment declaring the amendment invalid was entered. Soltys and Diodato filed notices of appeal, but only Soltys perfected his appeal.

The main contention on appeal is that Supreme Court erred in failing, at the close of Pociatek's proof, to direct a verdict in favor of Soltys on the issue of undue influence for lack of a sufficient showing by Pociatek *(see,* CPLR 4401). The applicable test is "whether the jury could find for the nonmoving party by any rational basis" *(Van Syckle v Powers,* 106 AD2d 711, 713, *lv denied* 64 NY2d 609). If this test is met, the court should direct a verdict *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Although "[t]he concept of undue influence does not readily lend itself to precise definition or description" *(Matter of Walther,* 6 NY2d 49, 53), a variety of relevant factors have

been established *(Rollwagen v Rollwagen,* 63 NY 504, 519; *Matter of Elmore,* 42 AD2d 240, 241). Undue influence may be proven through circumstantial evidence, but such evidence must lead to undue influence as a necessary conclusion *(see, Matter of Walther, supra,* at 54; *Matter of Elmore, supra,* at 241). Here, based on the evidence submitted at trial, there is no rational basis upon which a finding of undue influence could be found. Petitioner testified that the grantor, although upset and unhappy, was alert and determined in her purpose to effect the third amendment of the trust. Petitioner also stated that the grantor did not appear to be on medication or in a stupor. The testimony of petitioner's secretary and of a long-time friend of the grantor all attested to the grantor's mental alertness at the time. In the face of this testimony, Pociatek relied on the medical records only. A notation placed in these records indicated that the grantor complained of things crawling on her and that she wanted to die. This evidence is not compelling.

Furthermore, Pociatek established no link between Soltys' motive and the actual exercise of the opportunity to unduly influence the grantor, one of the factors to be considered on this issue *(see, Rollwagen v Rollwagen, supra,* at 519; *Matter of Connor,* 230 App Div 163, 164). Petitioner testified that although Soltys expressed dissatisfaction with the manner in which Pociatek handled the grantor's affairs as trustee, he did not recall Soltys ever mentioning the trust agreement to him or expressing any desire to have the amendment executed. The record reveals a failure on the part of Pociatek to demonstrate Soltys' propensity to unduly influence the grantor. Moreover, the trust amendment eliminating Pociatek still provided for a disposition to the natural objects of her bounty, her other children. Significantly, the amendment was consistent with the wishes of Pociatek expressed in a letter to her mother, advising that she was resigning and relinquishing her rights as beneficiary under the trust. Finally, there was evidence that the grantor was upset with Pociatek's refusal to permit the grantor to stay in her home after her release from a rehabilitation clinic and with Pociatek's insistence that her mother go to a nursing home. Apparently, Soltys rescued his mother from Pociatek's home prior to her commitment to a nursing home. There was testimony that the grantor stated that Pociatek would not take her phone calls and that she felt like she did not have a daughter anymore.

Based on the evidence, there is plainly no rational basis upon which the jury could have concluded that Soltys unduly

influenced the grantor in the execution of the trust amendment. Accordingly, Supreme Court should have directed a verdict in favor of Soltys and its refusal to do so requires a reversal. We note that the missing witness charge given by Supreme Court was inappropriate inasmuch as Pociatek never established that Diodato possessed any knowledge relevant to the issue of undue influence.

Weiss, P. J., Crew III, Cardona and White, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and the trust amendment dated January 29, 1990 is declared to be valid.