In the Matter of the Petition of THOMAS F. MAGNER, Appellant, to Prove the Last Will and Testament of PATRICK SULLIVAN, Deceased.

TIMOTHY DALY and Others, Respondents.

Second Department, February 5, 1926.

**Wills — testamentary capacity — evidence does not support verdict of lack of testamentary capacity.**

In proceedings to probate the will of the testator, the verdict of the jury to the effect that the testator did not possess testamentary capacity at the time of the execution of the will, was against the weight of the evidence.

APPEAL by the petitioner, Thomas F. Magner, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 25th day of April, 1925, upon the verdict of a jury, denying probate of the last will of Patrick Sullivan, deceased, and also from an order entered in the office of said Surrogate's Court on the 24th day of April, 1925, denying petitioner's motion for a new trial made upon the minutes.

*Patrick E. Callahan* [*Thomas F. Magner* with him on the brief], for the appellant.

*Robert H. Elder,* for the respondents.

RICH, J.    Patrick Sullivan died December 18, 1923, an inmate of Louden Hall, Amityville, N. Y.    He left a last will and testament dated August 29, 1919.    Probate of this will has been denied on the ground that the testator did not possess testamentary capacity.

The only question presented for determination by this appeal relates to whether or not the verdict is against the weight of the evidence.    It was the contention of the contestants at the trial, and is upon this appeal, that at the date of the execution of the will, testator was suffering from senile dementia.    This was sought to be demonstrated by the testimony of numerous lay witnesses as to the acts and sayings of the testator which impressed them as irrational.

A careful examination of the testimony given by these witnesses leaves us with the impression that the verdict of the jury is not supported by satisfactory evidence.    The incidents to which the attention of the witnesses was directed and upon which they based their opinions were, in the main, trivial, inconsequential and easily explained.    Standing alone, the evidence of these witnesses is not sufficient on which to base a finding that the deceased lacked testamentary capacity.    But it does not stand alone.    It appears that the deceased attended to his business affairs up to the time and after he executed his will.    He was a party to a long and somewhat exasperating proceeding in the Surrogate's Court immediately before the execution of his will, and the evidence discloses that his actions, manner and conversation during this period were those of a rational person, competent to dispose of his property.    It seems that he was a patient at Louden Hall, a retreat for aged and feeble people, for a period of three years immediately before his death and after the will was executed, and Dr. Louden testified that his acts and sayings up to a short time before his death impressed him as being rational.    We are of the unanimous opinion that the verdict of the jury was against the weight of the credible evidence and that the will, which was fair and reasonable, must be admitted to probate.    It was properly executed, and the deceased at the time of executing the same was in all respects competent to make a will and not under any restraint or undue influence.

The decree of the Surrogate's Court of Kings county should, therefore, be reversed on the facts, with costs to the appellant payable out of the estate; the order denying the motion to set

aside the verdict of the jury should be reversed on the facts, the motion is granted and the will admitted to probate.

Kelly, P. J., Jaycox, Manning and Young, JJ., concur.

Decree of the Surrogate's Court of Kings county reversed on the facts, with costs to the appellant payable out of the estate. Order denying motion to set aside the verdict of the jury reversed on the facts, and motion granted and will admitted to probate. Settle order on notice.