■ In the Matter of the Probate of the Will of JOHN F. COLBECK, Deceased. LAURA SCHWAB, Respondent; ESTHER TAUZEL et al., Appellants.— Appeal from a decree of the Surrogate's Court of Otsego County, entered June 28, 1972, which granted probate to an instrument purporting to be the last will and testament of John F. Colbeck, deceased. Decedent died on July 7, 1971 at the age of 92, leaving a will dated March 28, 1969 by which each of his three daughters was bequeathed $4,000 and the residue was left to his housekeeper of 25 years, one Laura Schwab. Two of the daughters filed objections to the probate of such instrument on the grounds that decedent lacked testamentary capacity and the will was the product of undue influence. Following a jury trial upon these framed issues, the trial court directed a verdict in favor of proponent, dismissed the objections and admitted the will to probate. As for the issue of testamentary capacity, the evidence offered by proponent was uncontradicted and clearly established that the testator had such capacity. We agree also that the facts show no undue influence and the court was justified in directing a verdict on that issue in proponent's favor. From a reading of the entire record, there is no direct evidence of undue influence. Viewing all of the evidence in a light most favorable to appellants, we find no proof from which an inference of undue influence could reasonably be drawn. Although there was a close relationship between the testator and proponent housekeeper over the many years and he was suffering with the usually progressive disease of arteriosclerosis whereby he became obviously more and more dependent on proponent in his later years, this would, at most, show a motive and opportunity to exercise undue influence. Such a showing does not warrant a submission of that issue to the jury. There must be a finding of additional facts which demonstrate that such influence was actually exercised (*Matter of Walther*, 6 N Y 2d 49, 55). While the attorney who drafted the instrument had performed legal services for proponent, so also had he done legal work for decedent, having drawn four previous wills. Although decedent favored proponent more each time he changed his testamentary plans, the circumstances in the instant case are

readily distinguishable from those in *Matter of Elmore* (42 A D 2d 240). In our view, the issue of proponent's credibility did not raise a question of fact to be determined by the jury. The inconsistencies in testimony given by proponent at the examination before trial and at the trial concerned facts having no particular materiality in respect to the issue of undue influence. Evidence pertaining to financial records and climatological data also lacked materiality and was properly excluded. Decree affirmed, with costs to respondent payable out of the estate. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.