In the Matter of the Claim of BERNARD G. PEGLOW, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, May 4, 1978

### APPEARANCES OF COUNSEL

*Bernard G. Peglow,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Richard C. Fitzmaurice, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed September 21, 1977, which found claimant ineligible for benefits.

The claimant became unemployed in August of 1976 and he had used up his normal New York State benefits as of the time when he was initially disqualified from benefits for the week commencing June 13, 1977. The claimant was determined ineligible for further benefits pursuant to the amended Emergency Unemployment Compensation Act (Federal) of 1974 because he had failed to engage in a systematic and sustained search for work during the week of June 13 to 19, 1977. The record establishes that during the week at issue the claimant made only two in-person job contacts and that in general his efforts to find work were not of a substantial nature.

Effective April 12, 1977, Congress enacted the Emergency Unemployment Compensation Extension Act of 1977 (91 US Stat 39, Pub L 95-19). This act modified the prior act of 1974 which granted extended benefits to unemployed persons and in particular it is now provided that: "[i]n addition to any eligibility requirement of the applicable State law, emergency compensation shall not be payable for any week to any individual otherwise eligible to receive such compensation if during such week such individual * * * fails to actively engage in seeking work" (91 US Stat 39, § 104, subd [a] adding paragraph [1] of new subdivision [h] to section 102 of the Emergency Unemployment Compensation Act of 1974 [88 US Stat 1869]). (See US Code, tit 26, § 3304, n § 102, [h], [1], [B].) The amendment goes on to provide that:

"(B) An individual shall be treated as actively engaged in seeking work during any week if—

"(i) the individual has engaged in a systematic and sustained effort to obtain work during such week, and

"(ii) the individual provides tangible evidence to the State agency that he has engaged in such an effort during such week." (91 US Stat 39, § 104, subd [a] adding paragraph [4] of new subdivision [h] to section 102 of the Emergency Unemployment Compensation Act of 1974.)

Since the determination disqualifying claimant from receiving benefits, the claimant has insisted that any failure to more actively seek work was caused by illness. Upon the present record, the finding that the claimant failed to actively seek work within the meaning of the Federal statutes is factual and is supported by substantial evidence.

■■ The sole issue would be whether or not the claimant has established that he was not "otherwise eligible" for the

extended benefits because of his illness and, therefore, not subject to the requirement of actively seeking work (91 US Stat 39, § 104, subd [a]). In order for claimant to be eligible for benefits in this State, he must be capable of work (Labor Law, § 591, subd 2). Illness renders a claimant incapable of work and would preclude reaching the issue of an active search for benefits *(Matter of Katz [Levine],* 51 AD2d 613). The referee expressly made his decision in the present case "on the *credible* evidence" (emphasis supplied). The referee's decision was adopted and affirmed by the board and no direct reference to the claimant's contention of illness appears therein. While the claimant did suffer some illness and was apparently disabled for at least two days by hospitalization, nevertheless, the claimant's testimony as to his "illness" and its effect on his job seeking efforts indicates that as a matter of fact he was eligible for benefits throughout the major part of the week at issue and made no substantial effort to find employment.

Upon the present record, it does not appear that the board has applied the Federal requirements in a manner which would be arbitrary and capricious and the decision is supported by substantial evidence in the record as a whole.

The decision should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Decision affirmed, without costs.