■ In the Matter of the Estate of LOIS F. BETZ, Deceased. PETER H. HARP, Appellant; CARL BETZ et al., Respondents.—Appeal from an order of the Surrogate's Court of Ulster County, entered July 11, 1977, which denied proponent's motion for summary judgment. Objections to the probate of decedent's last ·will and testament were duly filed alleging (1) lack of testamentary capacity both at the time she made the will and later when she re-executed and republished that instrument, and (2) fraud and undue influence practiced upon decedent by named and unnamed individuals. Proponent moved for summary judgment, including in his motion papers the transcript of the examination of a subscribing witness and the examination before trial of the administrator of the nursing home where decedent had been a patient. The motion was denied and this appeal ensued. While the proponent made out a prima facie case showing testamentary capacity and was entitled to rely on the rule presuming such capacity *(Matter of Beneway,* 272 App Div 463), the objectant met his burden in opposing the motion by presenting proof by affidavit and documentary evidence raising the question of testatrix' mental capacity both at the approximate time of the initial execution of the will and its subsequent republication. While the material indicating testatrix' advanced senile psychosis, standing alone, would not be sufficient to resolve the issue of competency, it clearly established a question of fact necessitating a trial *(Matter of Alden,* 52 AD2d 1051; *Matter of Sullivan,* 216 App Div 266). On the topic of fraud and undue influence, however, the record does not demonstrate the existence of a triable issue of fact; it merely reflects conclusory allegations in the nature of surmise, conjecture and suspicion *(Golding v Weissman,* 35 AD2d 941). The order appealed from should be modified accordingly. Order modified, on the law, by reversing so much thereof as denied a motion for summary judgment dismissing an objection to the probate of decedent's last will and testament on the ground of fraud and undue influence; motion granted to that extent and, as so modified, affirmed, with costs to respondents filing briefs, payable out of the estate. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.

■ In the Matter of the Claim of RUTH LAPIDUS, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1977. The ·claimant has been disqualified from benefits under the Federal Emergency Unemployment Compensation Extension Act of 1977 (Public Law No. 95-19) which requires that its beneficiaries must actively engage in seeking work (see *Matter of Peglow [Ross],* 62 AD2d 257). The referee found that the claimant's job efforts for four of the effective days in the week beginning June 20, 1977 were random and did not demonstrate a systematic and sustained search as required by the Federal Unemployment Compensation Extension Act of 1977. Those issues were factual and the decision of the referee is supported by substantial evidence (cf. *Matter of Peglow [Ross],* *supra).* Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.