OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs against the appellant.
In the absence of evidence of a substantial nature inconsistent with any inference to the contrary, the Surrogate properly refused to submit the undue influence claim to the jury (see Matter of Walther, 6 NY2d 49). While the circumstantial evidence adduced at trial may have tended to indicate the existence of an opportunity and a motive on the part of the proponent to exercise undue influence, there was no showing that it in fact was ever exercised. Standing alone, the fact that the will favored one child over the other does not supply this inference (see 1 Page, Wills [Bowe-Parker, rev], § 15.8, p 735). Thus, as a matter of law, contestant’s proofs fell short of establishing a prima facie case (see Matter of Walther, supra, p 55; Children’s Aid Soc. v Loveridge, 70 NY 387, 394-395).
*847 Nor has contestant set forth any reason for us to disturb the jury verdict, affirmed below, that the testator possessed the requisite testamentary capacity at the time the will was executed. The record reveals that the attesting witnesses all testified that, despite his physical infirmity, the testator was lucid and rational on that occasion. Though disputed by contestant’s expert, a neurologist who, on the basis of a single brief examination two months after that date, testified that the testator was suffering from severe senile dementia, there was ample proof to support the jury finding of testamentary capacity.
Finally, as to the claim of prejudicial error in the Surrogate’s sustaining of objections, essentially on unarticulated grounds of form or materiality or inadequate foundation, to a series of questions put by the contestant to his expert witness, the ruling was well within the compass of the Judge’s discretion and, in any event, usually accompanied by a curative suggestion that the questions be properly reframed (see, generally, 3 Page, Wills [Bowe-Parker, rev], § 26.84, p 178).
Chief Judge Cooke, and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
Order affirmed, etc.