■ In the Matter of the Estate of BERTHA M. ARNOLD, Deceased. DOROTHY E. GARRISON et al., Appellants; R. PHILIP ARNOLD et al., Respondents.— Appeal from a decree of the Surrogate's Court of Saratoga County, entered November 27, 1979, following a jury verdict, which denied probate to a writing propounded as the last will and testament of Bertha M. Arnold, deceased, and which dismissed the petition for probate. By decree dated November 27, 1979, the Surrogate denied probate to an instrument propounded to be the last will and testament of Bertha M. Arnold for the reason that the execution of the instrument was procured by the undue influence of some person or persons. This determination, following a jury verdict, was based on five specific submitted questions. The questions and the answers given are: 1. Did Bertha M. Arnold on January 14, 1972 know the contents of the paper writing dated January 14, 1972 offered for probate herein. The jury unanimously answered "yes" to this question. 2. Did the paper writing express the testamentary disposition intended by said Bertha M. Arnold. The jury unanimously answered "yes" to this question. 3. At the time of the execution of said paper was Bertha Arnold of sound mind and competent to dispose of her estate by will. The jury unanimously answered "yes". 4. Was the execution of said paper caused or procured by the undue influence of any person or persons. The jury unanimously answered this question "yes". 5. Was the execution of said paper caused or procured by the fraud of any person or persons. The jury unanimously answered this question "no". The evidence supports and no argument is raised about the other determinations of the jury, so the sole issue on this appeal is if there was evidence sufficient to raise a factual question of whether the execution of the purported will of Bertha M. Arnold was procured through undue influence. In order to avoid a will on the ground of undue influence, "it must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by

importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist. It must not be the promptings of affection; the desire of gratifying the wishes of another; the ties of attachment arising from consanguinity, or the memory of kind acts and friendly offices, but a coercion produced by importunity, or by a silent, resistless power which the strong will often exercises over the weak and infirm, and which could not be resisted, so that the motive was tantamount to force or fear. [Citations omitted.] Gratitude, love, esteem or friendship which induces another to make testamentary disposition of property cannot ordinarily be considered as arising from undue influence * * * So also, lawful influences which arise from the claims of kindred and family * * * are proper subjects for consideration in the disposition of estates" *(Children's Aid Soc. of City of N. Y. v Loveridge,* 70 NY 387, 394-395). Undue influence may be proven circumstantially provided such evidence is of a substantial nature *(Matter of Walther,* 6 NY2d 49, 54), and the burden of so proving it is on the contestants *(Matter of Schillinger,* 258 NY 186; *Matter of Kindberg,* 207 NY 220, 228). Viewing all the evidence herein in a light most favorable to the objectants-respondents, we find no proof from which an inference of undue influence could reasonably be drawn *(Matter of Colbeck,* 45 AD2d 796). The decedent died on April 27, 1978, at age 88, leaving as distributees, three children (Elwood Arnold, Dorothy Garrison and Russell Arnold). The contestants are the children of another son of the testatrix, Ralph Arnold, who committed suicide before the execution of the purported will. An additional son, Frank, predeceased Bertha in 1976, but was alive at the time of the execution of the will in question, and no attempt was made to eliminate him or his heirs, as happened in the case of Ralph. On the date of Ralph's funeral, with the family gathered together, Dorothy Garrison called the family attorney to make an appointment for Bertha to change her existing will. Dorothy had a power of attorney for Bertha and handled most of her affiars because Bertha was 82 years of age at the time of Ralph's funeral. On January 13, 1972, the date of the appointment with the attorney, Dorothy drove Bertha to the attorney's office—Bertha could not drive. Dorothy accompanied Bertha into the office, but did not enter the inner office where Bertha and the attorney discussed privately the changes Bertha wanted to make in her new will. The execution of the will was set for the following day. Dorothy again drove her mother to the attorney's office and the will was executed, with the attorney and his secretary acting as subscribing witnesses. As executed, the new will differed from the prior one in that it eliminated any reference to her son Ralph, which precluded the possibility of Ralph's children, the objectants herein, taking under the new will. The prior will had remembered all of her children and provided that if any of the children predeceased her, their children would inherit that child's share. According to the testimony of the attorney, Bertha wanted to eliminate Ralph "inasmuch as he was deceased" and prevent his children from taking because "she had made other provisions for them". On the proof offered no factual question was presented on the issue of undue influence. The decedent simply eliminated from her will one of her children after his death by suicide. The effect was to remove his children as distributees. The parties she did provide for were all children or grandchildren and equally close or closer to her than the objectants herein. The decedent was alert and of sound mind at the time of the execution of the will and had lived alone and cared for herself for six years after that date, until the time of her death. The proponent-appellant, Dorothy, has been shown to have acted toward her mother the same as many daughters

act toward an aging parent, performing financial transactions under power of attorney and making and arranging appointments. In view of the determination made, there is no reason to pass on the other points raised by the appellants on this appeal. Accordingly, the decree of the Surrogate should be reversed and the instrument propounded as the last will and testament of Bertha M. Arnold admitted to probate. Decree reversed, on the law and the facts, with costs to appellants payable out of the estate, and the instrument propounded as the last will and testament of Bertha M. Arnold admitted to probate. Greenblott, J. P., Casey, Main, Mikoll and Herlihy, JJ., concur.