■ In the Matter of the Estate of GEORGINA B. KLITGAARD, Deceased. WALLACE B. KLITGAARD, as Executor of GEORGINA B. KLITGAARD, Deceased, Appellant; JON KLITGAARD, Respondent. — Appeal from an order of the Surrogate's Court of Ulster County (Davis, Jr., S.), entered July 17, 1979, which denied probate of decedent's will on the basis of undue influence. Decedent at the time of her death was in her 80's and had been living with her son Wallace. On October 8, 1976, she drew a will bequeathing most of her real estate to Wallace and the remainder to her other son, Peter, a corporate attorney who resided in Connecticut. The rest of the estate, consisting primarily of stocks and bonds, was devised one half to Wallace and one half in trust with the net income to be paid to Wallace until he completed a scientific project he was working on or for 10 years, whichever occurred first, and then the trust corpus was to be paid over to Peter. If Peter died before the payment of the trust corpus, it was to be paid to his surviving issue, per stirpes. In December of 1976, Peter died. Shortly thereafter, a different attorney was engaged with Wallace's help and the will in question was executed on January 9, 1977. This will left everything to Wallace who was not present when the will was executed. Decedent died on January 12, 1977. A son of Peter's objected to the probate of the will and a jury found that the execution was caused by Wallace's undue influence and the Surrogate denied probate. This appeal ensued. There must be a reversal. It is well established that a will should not be invalidated for undue influence unless the acts of the influencing party are shown to effectively make it his will and not the will of the decedent (Matter of Beneway, 272 App Div 463). The issue of undue influence should not be submitted to the jury in the absence of evidence of a substantial nature inconsistent with any inference to the contrary (Matter of Fiumara, 47 NY2d 845). The burden is on the contestant to establish undue influence by a fair preponderance of the evidence (Matter of Elmore, 42 AD2d 240). While there is evidence that Wallace exercised control over his mother's activities in her final days, there is no evidence, in our view, that she was under his influence. He was living with her and taking care of her physical needs. He was her only surviving son. Her doctor testified that she was mentally very strong. The witnesses to the will all testified to her awareness, social presence and obvious mental clarity. Finally, Wallace was the natural object of her bounty. Considering the record in its entirety, there was, as a matter of law, a failure to establish a prima facie case of undue influence and the issue should not have been submitted to the jury (see Matter of Fiumara, 47 NY2d 845, supra; Matter of Arnold, 78 AD2d 753). Order reversed, on the law and the facts, without costs, and will of Georgina B.

Klitgaard admitted to probate. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.