■ In the Matter of the Estate of BARBARA WITKOWSKI, Deceased. ANNE E. ROZEK et al., as Executors of BARBARA WITKOWSKI, Deceased, Respondents; JOHN WITKOWSKI, Appellant. — Appeal from a decree of the Surrogate's Court of Saratoga County (Doran, S.), entered January 30, 1981, which admitted to probate an instrument purporting to be the last will and testament of the deceased. The testatrix, Barbara Witkowski, requested her friend, Father Petraitis, a retired Roman Catholic priest, to make the necessary arrangements for the drafting and execution of her will. Father Petraitis accompanied attorney Decker to Mrs. Witkowski's home where she resided with her daughter and son-in-law. After ascertaining that the testatrix and Decker had no difficulty in communicating verbally, the priest left them alone to discuss the contents of the will. Thereafter, on July 25, 1972, attorney Decker and Father Petraitis returned to Mrs. Witkowski's home. After Decker had read the contents of the will to her and she verbally indicated that she understood its contents and that it was drawn according to her instructions, Mrs. Witkowski executed the testamentary instrument by marking her "X" at the end thereof in the presence of both Decker and the priest. Further, the record shows that the testatrix requested Decker and the priest to sign the will as witnesses and they complied. Anne Rozek, the daughter with whom the testatrix resided, also signed the will as a witness. The testatrix died on March 29, 1977. The executors named in the will, Anne Rozek and attorney Decker, petitioned for letters testamentary. John Witkowski, a son of the deceased, filed objections alleging (1) that the will was not executed in compliance with the requirements of EPTL 3-2.1, (2) that the testatrix lacked the appropriate mental capacity at the time she executed the will, and (3) that there was undue influence and fraud on the part of the daughter and proponent Anne Rozek. Sworn examinations before trial of the three subscribing witnesses as well as the objectant were conducted, and the objectant filed a verified bill of particulars. The proponents moved for summary judgment admitting the subject instrument to probate. The objectant opposed the motion and also moved for summary judgment denying probate. The Surrogate granted the proponents' motion and admitted the will to probate. This appeal by the objectant ensued.

Contrary to objectant's contention, the requirements of EPTL 3-2.1 that the testatrix sign the instrument at the end in the presence of attesting witnesses who had been requested to acknowledge the signature, and to whom the testatrix had declared the instrument to be her last will and testament, were scrupulously satisfied on the date of the execution of the will. While the granting of summary relief in contested probate proceedings is relatively rare, where, as here, the proponents have made out a prima facie case for probate and the objectant has failed to raise any issue of fact with respect to the issues of will execution (EPTL 3-2.1), capacity, undue influence or fraud, such relief should not be withheld (*Matter of Betz*, 63 AD2d 769). Decree affirmed, with costs to the petitioners payable out of the estate. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.