■ In the Matter of the Estate of HENRY H. MAHNKEN, Deceased. FRANCES MAHNKEN, Respondent; GLORIA TRIPP, Appellant. — Appeal from a decree of the Surrogate's Court of Broome County (Keane, S.), entered April 2, 1982, which admitted decedent's will to probate. Decedent died on January 2, 1980. By instrument dated March 19, 1976, he left his entire estate to Frances Mahnken, his second wife whom he had married on March 6, 1976; his first wife of 50 years died in November, 1974. At the time of his second marriage, decedent was 87 years old and his new wife 65. Contestant, decedent's sole surviving child, challenged the will claiming that it had been procured by undue influence exerted upon her father by Frances Mahnken. Following a bench trial, the will was admitted to probate. Despite contestant's efforts to portray her father as depressed, withdrawn, and totally dominated by his second wife, there is abundant evidence that he was independent-minded and in full control of his affairs until his death. He had remained active in the community and in close contact with his friends throughout his last years. Those friends and acquaintances not only vouched for decedent's normal behavior at the time the will was executed, but many added that his mood and demeanor had improved greatly after his remarriage. Both his lawyer and another of the attesting witnesses certified that decedent was under no observable restraint or compulsion when he executed the will; that he appeared well aware of what he was doing, and that the execution took place out of the presence of his second wife. Furthermore, there was testimony that on several occasions decedent had expressed disappointment in his children and that he had resolved to leave them nothing. That this was his purpose is evident from a prior will, executed after the death of his first wife but before his remarriage, wherein he left his entire estate to charity; in that instrument he made no provision for his children "for good and sufficient reason", adding that it was his intention they not receive benefits from his estate either by will or intestacy. To succeed, contestant had the burden of proving by a preponderance of the evidence that Frances Mahnken exercised coercion or a silent resistless power over decedent to the point where the will effectively became hers instead of decedent's (*Matter of Klitgaard,* 83 AD2d 651; *Matter of Arnold,* 78 AD2d 753). That burden has not been met; in fact, the evidence is quite

compelling that decedent made a conscious and independent choice to leave his estate to his second wife to the exclusion of contestant. Because of the virtual absence of undue influence, claimed errors in various rulings made by the trial court, even when most amiably viewed from contestant's perspective, are insufficient to constitute serious prejudice. Decree affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.