■ In the Matter of the Estate of NELLIE M. HEDGES, Deceased. LOUISE A. HILDRETH et al., Appellants; HALSEY L. BROWER, Respondent. — In a contested probate proceeding, proponents and the Presbyterian Church Society of Bridgehampton appeal from stated portions of a decree of the Surrogate's Court,

___

Suffolk County (Signorelli, S.), dated March 14, 1983, which, *inter alia,* (1) upon a jury verdict, denied probate of a certain codicil signed by the testatrix on March 14, 1978, and (2) disqualified the proponents from being appointed as permanent executors of the estate. ¶ Decree reversed, insofar as appealed from, on the law, without costs or disbursements, the third through thirteenth decretal paragraphs are deleted, and the following is substituted therefor: "ORDERED, ADJUDGED AND DECREED, that the motion made by proponents Louise A. Hildreth and Frederick Sterling Hagerman to set aside the jury verdict and enter judgment in their favor is hereby granted; and it is further ORDERED, ADJUDGED AND DECREED, that the instrument in writing dated March 14, 1978, so propounded as the codicil to the Last Will and Testament of said Nellie M. Hedges, late of the County of Suffolk, deceased, is the codicil to the Last Will and Testament of said Nellie M. Hedges and was duly executed as required by law, and that said testatrix at the time of the execution of said codicil was of full age and of sound mind and memory and under no restraint, and was in all respects competent to make the codicil and to devise real estate and bequeath personal property; and it is further ORDERED, ADJUDGED AND DECREED, that the instrument offered for probate be admitted to probate as the codicil to the Last Will and Testament of said Nellie M. Hedges, deceased, valid to pass both real and personal property; that said codicil and this decree be recorded; and that the petition for probate of said codicil is hereby granted; and it is further ORDERED, ADJUDGED AND DECREED, that the co-executors, Louise A. Hildreth and Frederick Sterling Hagerman, nominated as such under the will of Nellie M. Hedges, be and are hereby appointed permanent co-executors of decedent's estate." ¶ On August 24, 1977, on the eve of her 102nd birthday, Nellie Hedges executed a last will and testament in which she, *inter alia,* bequeathed her residence to her long-time friend Halsey Brower. Less than seven months later, on March 14, 1978, she signed a codicil to the will, revoking this bequest and leaving the residence to her church, the Presbyterian Church Society of Bridgehampton. After Hedges' death on June 9, 1981, Louise Hildreth and Frederick Hagerman, named as executors, offered the will and codicil for probate. Brower filed objections to the probate of the codicil, alleging, *inter alia,* lack of due execution, lack of testamentary capacity and undue influence. A jury trial was held and the jury found in favor of the objectant on each of the stated grounds. ¶ Upon our review of the record, we determine that the jury verdict lacks support in the evidence and that the codicil dated March 14, 1978 should be admitted to probate. ¶ With respect to the issue of due execution, the jury determined that the testatrix did not "declare" the instrument to be her codicil. At trial, however, each of the three subscribing witnesses to the codicil, one of whom was the testatrix' attorney, testified that the testatrix read the document, acknowledged it to be her codicil, and signed it, and that at her request each of them affixed his or her signature to the instrument. Objectant Brower offered no evidence to contradict this testimony. Since the requirement of express declaration (EPTL 3-2.1, subd [a], par [3]) need not be followed literally as long as sufficient information is conveyed to the subscribing witnesses during the execution ceremony that the testatrix is aware that the instrument she is signing is her codicil (see *Matter of Beckett,* 103 NY 167; *Matter of Eckert,* 93 Misc 2d 677), there is no room for doubt that the statutory requirement of declaration was complied with here. We also note that the testatrix' attorney supervised the execution of the codicil. Therefore, the court erred in refusing to charge the jury that a presumption of regularity applies when an attorney supervises the execution (see *Matter of Kindberg,* 207 NY 220, 228; *Matter of Cottrell,* 95 NY 329, 338; *Matter of Sage,* NYLJ, Sept. 30, 1980, p 15, col 6, affd 88 AD2d 980). ¶ The jury's determination that the testatrix did not possess the necessary testamentary capacity at the time she

executed the codicil is also unsupported by the record. Objectant offered testimony to indicate that at various times before and after March 14, 1978, the testatrix has suffered delusions and was irrational and forgetful. No evidence was offered, however, to contradict the testimony of the subscribing witnesses which established that at the time the codicil was executed the testatrix was of sound mind and capable of understanding the nature of her action. It has long been recognized that old age, physical weakness and senile dementia are not necessarily inconsistent with testamentary capacity as long as the testatrix was acting rationally and intelligently at the time the codicil was prepared and executed (see *Children's Aid Soc. v Loveridge,* 70 NY 387; *Matter of Horton,* 26 Misc 2d 843, affd 13 AD2d 506; *Matter of Beneway,* 272 App Div 463). Furthermore, evidence relating to the condition of the testatrix before or after the execution is only significant insofar as it bears upon the strength or weakness of mind at the exact hour of the day of execution (see *Matter of Lindsay,* 136 Misc 555). Thus, the evidence adduced at trial was entirely insufficient to establish lack of testamentary capacity at the exact time of the codicil's execution (see *Children's Aid Soc. v Loveridge, supra*). ¶ Finally, the jury found that the execution of the codicil was procured by the undue influence of the proponents, the subscribing witnesses, the testatrix' attorney (also a subscribing witness) and/or the pastor of the devisee church. At the outset, we note that the record is completely devoid of any evidence as to improper conduct on the part of proponent Hagerman. Moreover, the determination that the two subscribing witnesses were chargeable with undue influence is also without basis since there was no evidence to indicate that either engaged in such conduct or that either of them benefited by the terms of the codicil. With respect to the other individuals, both the testatrix' attorney and the pastor of the devisee church testified to the events which led to the execution of the codicil and the testatrix' stated reasons for the change. Both witnesses stated that in their opinion the testatrix was exercising her own free will and understood the nature of her actions. The only conceivable evidence in the record to suggest the exercise of undue influence was the fact that proponent Hildreth acted as the testatrix' attorney in fact from July, 1976 until her death and that she was a member of and involved in the devisee church. Nevertheless, the record shows that she was not a beneficiary under the codicil and fails to disclose any evidence indicating that she participated in the preparation or execution of the codicil. Under these circumstances, objectant clearly failed to make out a prima facie case of undue influence (see *Matter of Walther,* 6 NY2d 49; *Matter of Klitgaard,* 83 AD2d 651). Indeed, the issue of undue influence should never have been submitted to the jury since objectant failed to adduce any "evidence that such influence was actually utilized" (*Matter of Walther, supra,* p 55; see, also, *Matter of Powers,* 176 App Div 455) and whatever evidence he offered was not "of a substantial nature inconsistent with any inference to the contrary" (*Matter of Fiumara,* 47 NY2d 845, 846; see, also, *Matter of Williams,* 180 App Div 203, affd 223 NY 582). ¶ In light of the foregoing, the Surrogate should have directed a verdict for proponents on all three issues, and it was error for him not to grant their motion to set aside the verdict. Accordingly, his decree must be reversed, insofar as appealed from, so as to authorize probate of the codicil, and to permit the appointment of proponents as permanent executors since their disqualification was based solely on a verdict having no support in the record. In view of our disposition, it is unnecessary to pass on the other contentions raised on appeal. Bracken, J. P., O'Connor, Brown and Niehoff, JJ., concur.