■ In the Matter of the Estate of JOSEPH G. HEPBURN, Deceased. GEORGE BUCKHEIT, Respondent; VIRGINIA DUNN, Appellant.—In a contested probate proceeding, objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated February 14, 1984, as, upon directing a verdict in favor of proponent after a jury trial, admitted the will to probate.

Decree affirmed, insofar as appealed from, with costs payable by appellant personally.

On this appeal, the objectant, the testator's daughter, seeks reversal of the portion of the Surrogate's decree admitting the will in question to probate on the ground that the case should have been submitted to the jury in light of factual issues raised at trial. We reject this contention.

At trial, the two subscribing witnesses to the will, one of whom was the testator's attorney, testified that the testator was of sound mind and that he read the instrument, discovered that the objectant's name had mistakenly been placed in a provision for his grandchildren, had the name struck, initialed the deletion, had them initial the deletion, then executed the document declaring it to be his last will and testament, and finally had them affix their signatures to it. The objectant offered no evidence to contradict this testimony establishing testamentary capacity and due execution of the will *(see, Matter of Hedges,* 100 AD2d 586, *appeal dismissed* 63 NY2d 944, *mot to vacate dismissal denied* 64 NY2d 644; *In re Schreiner,* 137 NYS2d 217; 39 NY Jur 2d, Decedents' Estates, § 651).

The only evidence that objectant offered to oppose probate was her own testimony to the effect that after her father's death she saw a "Xerox copy or some copy" of a will without her name crossed out. This testimony, without more, however, was patently insufficient to establish a prima facie case of

alteration, mistake, or undue influence when objectant failed to allege that she saw a copy of her father's *executed* will and indeed testified that the executed will offered for probate differed from what she saw in that it had "red lines instead of all one color and there *are signatures on one of the pages here* and my name crossed out" (emphasis supplied). Under these circumstances, and since objectant failed to establish any interest on the part of the decedent's attorney, there was no issue of fact to be resolved by a jury; hence, the Surrogate properly directed a verdict for the proponent *(see, Matter of Fiumara,* 47 NY2d 845; *Matter of Walther,* 6 NY2d 49; *Matter of Kindberg,* 207 NY 220; *Matter of Hedges, supra; Calamari v Grace,* 98 AD2d 74, 79). Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.