◼ In the Matter of the Estate of LENA E. CIOFFI, Deceased. JAMES L. LANZILLO et al., as Executors of the Estate of LENA E. CIOFFI, Deceased, Appellants; ANTOINETTE B. CROSSMAN et al., Respondents.—Main, J. P. Appeal from an order of the Surrogate's Court of Rensselaer County (Travers, S.), entered June 21, 1985, which denied petitioners' motion for summary judgment striking the objections to probate of decedent's last will and testament.

Objections to the probate of decedent's last will and testament, executed April 30, 1975, were duly filed by respondents, who alleged that (1) the will had not been executed and published according to statutory requirements, (2) decedent had not been of sound mind at the time that she made the will, and (3) the subscription and publication of the will had been procured through the fraud and undue influence of petitioner James L. Lanzillo. The second above-mentioned objection, that decedent had not been of sound mind, was later withdrawn by respondents. Thereafter, respondents filed a bill and supplemental bill of particulars, and proceedings were conducted in Surrogate's Court to take the testimony of the attesting witnesses of decedent's will. Alleging that there were no issues of fact to be resolved, petitioners moved for summary judgment dismissing the remaining two objections and admitting the will to probate. Surrogate's Court denied the motion and this appeal ensued.

The testimony and proof proffered by petitioners clearly establish that the statutory requirements of the EPTL were scrupulously followed. Furthermore, the record shows that Lanzillo, an executor of the will and residuary beneficiary thereunder, did not unduly influence or fraudulently induce decedent into drawing the instrument in question. In fact, Lanzillo, the godchild of decedent's first husband and a friend of decedent as well, was the residuary beneficiary of decedent's 1961 will, and any alterations made by virtue of the provisions of decedent's 1975 will benefited him in no way.

In opposition to all of this, respondents offer nothing more than bald, conclusory charges. Admittedly, the granting of summary judgment in contested probate proceedings is rare

*(Matter of Witkowski,* 85 AD2d 807, 808, *lv denied* 56 NY2d 505). However, "where, as here [petitioners] have made out a prima facie case for probate and [respondents have] failed to raise any issue of fact with respect to the issues of will execution (EPTL 3-2.1), capacity, undue influence or fraud, such relief should not be withheld" *(supra,* p 808; *see, Matter of Betz,* 63 AD2d 769; *cf. Matter of Lyons,* 96 AD2d 617). Accordingly, petitioners' motion for summary judgment should have been granted.

Order reversed, on the law, with costs, and motion granted. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.