■ In the Matter of the Estate of SOPHIE SCHAFFER, Deceased. BEATRICE WEINBERG et al., Appellants; IDA BASS, Respondent.—In a contested probate proceeding, the objectants appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County (Pizzuto, S.), dated June 9, 1987, as, upon directing judgment in favor of the proponents during a jury trial, admitted the last will and testament of Sophie Schaffer to probate. The notice of appeal from the oral decision of the Surrogate's Court (Bloom, S.), issued May 22, 1987, is deemed a premature notice of appeal from the written decree entered thereon.

Ordered that the decree is affirmed insofar as appealed from, with costs.

At trial, the two subscribing witnesses and the attorney draftsman of the propounded will testified that the testatrix was of sound mind when she executed the instrument on March 26, 1985. The attorney draftsman also noted that she was aware of her assets and of the natural objects of her bounty (see, Matter of Kumstar, 66 NY2d 691). The only evidence offered by objectant was the testimony of the testatrix's physician. He opined that, because of the testatrix's physical condition, she was not competent to execute a will and that it would be "impossible for anyone in her condition to understand what's going on in a will". On cross-examination, however, he testified that the physical condition on which these assertions were premised was "in general * * * not a bar in making a will" and that he had "no expertise" and could not "judge" whether she was mentally incompetent.

Under the circumstances presented here, we conclude that the Surrogate properly directed judgment on the issues of testamentary capacity and undue influence or fraud in favor of the proponents. The evidence offered by the objectants failed to refute the prima facie showing of testamentary capacity and to establish undue influence or fraud, and there was thus no issue of fact to be resolved by the jury (SCPA 503 [1]; *Matter of Kumstar, supra,* at 692; *see, Matter of Hepburn,* 114 AD2d 455, 456). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.