■ In the Matter of ARMEN MINASIAN, Deceased. VIOLET

MINASIAN et al., Appellants; MARY KASSAKIAN et al., Respondents.—In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated April 9, 1987, which, at the close of the contestants' case, awarded the proponents judgment as a matter of law, dismissed all objections, and admitted the will to probate.

Ordered that the decree is affirmed, with costs payable by the appellants personally.

The evidence in this record is unrefuted that, on the day he executed his will, the testator was of sound mind and fully aware of the nature and consequences of his actions in disposing of his property. While it is clear that he was aged and suffered from certain physical ailments, the objectants failed to submit any proof that the testator's mental faculties were impaired at that time. Therefore, the Surrogate properly awarded judgment as a matter of law against the objectants on the issue of testamentary capacity (see, Matter of Kumstar, 66 NY2d 691, 692; Matter of Hedges, 100 AD2d 586, 588).

Similarly, as to the issue of undue influence, judgment as a matter of law was appropriately entered in the absence of evidence of a substantial nature to show that "moral coercion" was applied by anyone "which restrained independent action and destroyed free agency, or which * * * constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist" (Children's Aid Socy. v Loveridge, 70 NY 387, 394; see also, Matter of Walther, 6 NY2d 49, 53; Matter of Fiumara, 47 NY2d 845, 846; Matter of Hedges, supra, at 588).

Nor do we find error in any of the Surrogate's evidentiary rulings which have been challenged on appeal. Certain records proffered by the objectants were properly denied admission into evidence for want of authentication (see, CPLR 2306, 4518 [c]). In addition, since concededly none of the testator's prior wills was ever filed in the Surrogate's Court, there was no necessity to notify any legatee under any of the prior wills (see, SCPA 1403 [1] [d]; Matter of Abrial, 286 App Div 916). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.