◼ In the Matter of the Estate of MYRTLE KEMBLE, Deceased. JOHN V. G. KEMBLE, JR., Respondent; BURTON A. MARKLE, SR., Appellant.—Mahoney, P. J. Appeals (1) from an order of the Surrogate's Court of Ulster County (Traficanti, S.), entered December 14, 1987, which partially granted petitioner's motion for summary judgment dismissing respondent's objections to the probate of decedent's will, and (2) from a decree of said court, entered February 23, 1988, which

admitted to probate an instrument purporting to be the last will and testament of decedent.

On October 13, 1984, Myrtle Kemble (hereinafter decedent) executed an instrument purporting to be her last will and testament. Petitioner, a coexecutor of the will, offered the instrument for probate. Paul Markle, a coexecutor, filed his consent to probate. Respondent objected to probate and filed objections on the grounds that decedent suffered from hearing and sight disabilities which diminished her capacity to duly execute, publish and declare the instrument to be her last will; that decedent's execution of the will was not her free and voluntary act as the instrument was prepared by an attorney who had not consulted her; that decedent executed the instrument by mistake; and that decedent executed the instrument as a result of the undue influence of petitioner and his wife.

Surrogate's Court determined that questions of fact were raised concerning decedent's testamentary capacity and ordered a trial on this ground. The court dismissed the remaining three objections, concluding (1) that even if the attorney initiated talks with decedent concerning her executing a will, such conduct alone could not serve as an impediment to an otherwise valid testamentary instrument, (2) that decedent's alleged mistake in executing her will was merely a restatement of the first two objections, and (3) that respondent failed to raise any issue as to undue influence, especially since there was a pattern of gift giving by decedent to petitioner and his wife since 1955, a period of almost three decades.

A trial was held and Surrogate's Court narrowed the issue of decedent's testamentary capacity to whether decedent suffered from a hearing deficiency which would have prevented her from understanding that the document she signed on October 13, 1984 was her last will and testament. Accordingly, in its charge, the court instructed the jury to determine first if decedent had a hearing defect and then, if so, whether such defect affected decedent's testamentary capacity. The special verdict sheet posed the issues as whether decedent indicated that she understood that the instrument she signed was her last will and testament and whether she requested each witness to attest to her signature. The jury responded affirmatively to both questions. From both the order dismissing the three objections and the decree admitting the will to probate, respondent appeals.

Turning first to respondent's appeal from the dismissal of three of his objections to probate, we conclude that Surro-

gate's Court was correct. While summary relief in contested probate proceedings is unusual, such relief is appropriate where an objectant fails to raise any issues of fact with respect to will execution, capacity, undue influence or fraud *(Matter of Cioffi,* 117 AD2d 860; *Matter of Witkowski,* 85 AD2d 807, 808, *lv denied* 56 NY2d 505). Here, the only allegation and evidence that decedent's execution of the instrument was not her voluntary act is that the attorney initiated contact with her concerning her desire to execute a new will. Such act alone does not render a will's execution involuntary and, in the absence of any other allegations or proof of overbearing or other impropriety, we agree that there was insufficient evidence to submit this objection to the jury. We further agree that the objection based on mistake was merely a restatement of other objections and should have been dismissed.

We also agree that Surrogate's Court properly dismissed the objection based on undue influence, which requires a showing of moral coercion or irresistible importunity that prevents independent action *(see, e.g., Matter of Kumstar,* 66 NY2d 691, 693). Respondent's objections failed to identify any acts that could constitute undue influence, such as the persons charged and the times and places when and where such acts occurred *(see,* 22 NYCRR 207.23 [a] [1]). The events described by respondent as constituting undue influence simply do not rise to the level of intrusion necessary to show that undue influence was actually exercised *(Matter of Fiumara,* 47 NY2d 845, 846) and that the will was not really of decedent's mind *(see, Matter of Klitgaard,* 83 AD2d 651). Accordingly, Surrogate's Court properly dismissed the objection based on undue influence.

At trial on the issue of decedent's testamentary capacity, respondent called as an expert witness an audiologist to support his contention that decedent suffered from a hearing disability which affected her ability to make and declare a valid will. While the witness testified that decedent had a severe hearing loss in 1986 when he examined her, he was properly not allowed to give his opinion as to the degree of any hearing loss in 1984. An examination conducted by an audiologist 1½ years subsequent to the time of execution of the will is simply irrelevant to the question of testamentary capacity.

Respondent further argues that the charge and the questions on the special verdict sheet differed from the order framing issues (SCPA 502 [4]; 22 NYCRR 207.31 [a]), which specified the question as whether decedent suffered from a hearing defect which would have prevented her from under-

standing that she was executing a will. Respondent fails to particularize how he was prejudiced by the court's charge and we perceive no harm. Indeed, Surrogate's Court properly and effectively endeavored to simplify and clarify the matter for the jury.

Finally, since the sole issue being tried was decedent's testamentary capacity with respect to the execution of the will dated October 13, 1984, the evidence of the existence of a prior will was properly excluded. Such proof may be admissible as relevant to the intent of a testator where there is an ambiguity in an instrument under construction (see, 7 Warren's Heaton, Surrogate's Courts § 32 [1] [b], at 60 [6th ed]) or where undue influence is a relevant consideration (see, Children's Aid Socy. v Loveridge, 70 NY 387, 402), but neither of these issues was given to the jury.

Order and decree affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.