■ In the Matter of the Estate of BEATRICE KATZ, Also Known as BEATRICE L. KATZ, Also Known as BEATRICE T. KATZ, Deceased. PETER ADLER, Appellant. [595 NYS2d 475] — Decree, Surrogate's Court, New York County (Renee Roth, S.), entered on or about May 1, 1991, which, after a jury trial, admitted the Last Will and Testatment of the decedent, Beatrice Katz, dated March 30, 1983, to probate, unanimously affirmed, without costs.

The jury verdict, finding that paragraph B of Article THIRD of the Last Will and Testament of the decedent, Beatrice Katz wherein the decedent devised all of her jewelry to her only daughter, Linda Osserman, was not the product of undue influence by her sister and brother-in-law, Selma and Louis Slater, and/or the decedent's attorney, Barbara Goldstein, as their agent, and admitting the will to Probate was supported by the weight of the credible evidence adduced at trial (see, Hoffson v Orentreich, 168 AD2d 243, 244).

Objectant-appellant, Peter Adler, the decedent's son, failed to meet his burden of proving undue influence by a preponderance of the evidence (Matter of Klitgaard, 83 AD2d 651).

Nor did the Surrogate's refusal to charge the jury, at the objectant's request, as to whether the will was a product of fraud, constitute reversible error where, as here, the objectant failed to prove the alleged fraud by clear and convincing evidence and where, as a result thereof, there was insufficient evidence to raise a question of fact on that issue, so as to warrant submission of the fraud claim to the jury (see, Matter of Schaffer, 148 AD2d 540; Matter of Evanchuk, 145 AD2d 559, 560).

We have reviewed the objectant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Asch and Wallach, JJ.