■ In the Matter of the Estate of WILLIAM J. TRACY, Deceased. CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK et al., Appellants; WILLIAM T. TRACY et al., Respondents. [600 NYS2d 138] —In a proceeding to settle the account of a trustee of a trust created by the will of the decedent William J. Tracy, Robert E. Steinberg, Catholic Charities of Archdiocese of New York, Fordham University, Friars of the Atonement, Inc., National Kidney Foundation of New York/New Jersey, Inc., New York Heart Association, Inc., and Lighthouse, Inc., appeal from so much of a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated October 24,

1990, as, upon a jury verdict determining, *inter alia,* that Dorothy Ennis Tracy's exercise of the testamentary power of appointment of the remainder of the trust was the result of undue influence, directed that the trust be distributed according to the default provisions of the trust.

Motion by the respondents William T. Tracy, Marilyn N. Tracy, Ronald M. Blau, Anne Tracy Bricker, and William Crandall to dismiss the appeal on the ground that prior appeals from intermediate decrees were dismissed for lack of prosecution.

Ordered that the motion is granted, and the appeals by all appellants except Lighthouse, Inc., are dismissed; and it is further,

Ordered that on the appeal by Lighthouse, Inc., the decree is reversed insofar as appealed from, on the law, and the matter is remitted to the Surrogate's Court, Westchester County, for further proceedings consistent herewith, and it is further,

Ordered that the appellant Lighthouse, Inc., is awarded one bill of costs, payable by the respondents.

We note at the outset that all of the appellants herein except the Lighthouse, Inc., were parties to prior appeals from intermediate decrees in this proceeding. Those appeals were dismissed by this Court for lack of prosecution by decision and order on motion dated September 12, 1989. Since the same issues raised on these appeals from the final decree could have been raised on appeal from the intermediate decrees, the parties to those prior appeals are precluded from seeking relief on this appeal *(see, Bray v Cox,* 38 NY2d 350, 355; *Matter of Smith v McManus & Sons,* 101 AD2d 890). Disposition of the appeal by Lighthouse, Inc., however, requires that all of the appellants reap the benefits of our decision *(see, Hecht v City of New York,* 60 NY2d 57, 62).

The Surrogate improperly denied the motion by the petitioner Shirley C. Sigler and the appellant charities for a directed verdict on the issue of undue influence, since the evidence was insufficient to establish that Dorothy Ennis Tracy's exercise of the testamentary appointment was the result of undue influence *(see,* CPLR 4401). It is insufficient to raise a question of fact as to undue influence to demonstrate motive and opportunity without a showing that such influence was actually exercised *(see, Matter of Fiumara,* 47 NY2d 845, 846; *Matter of Walther,* 6 NY2d 49, 55; *see also, Matter of Bianco,* 195 AD2d 457 [decided herewith]). The inference of

undue influence which could have been drawn from the fact that the petitioner, who was the drafter of Dorothy Tracy's will, was also a legatee of the will *(see, Matter of Putnam,* 257 NY 140; *Matter of Delorey,* 141 AD2d 540), was rebutted by evidence that the petitioner had been a legatee under prior wills which were not drafted by the petitioner *(see, Matter of Kemble,* 149 AD2d 899). The remaining evidence was insufficient to prove that the petitioner exercised undue influence over Dorothy Tracy.

In light of our decision, we need not address the appellant's remaining contentions. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.