■ In the Matter of the Estate of JOSEPHINE B. PARRAVANI, Deceased. JOANNE M. BOYD, Respondent; JOHN M. PARRAVANI, Appellant. [621 NYS2d 714] —Mercure, J. Appeal from a decree of the Surrogate's Court of Schenectady County (Mazzone, S.), entered April 28, 1994, which, *inter alia,* granted petitioner's motion for summary judgment dismissing respondent's objections to the probate of an instrument purporting to be the last will and testament of decedent.

Objections to the probate of decedent's last will and testament, executed January 28, 1981, were duly filed by respondent, who alleged lack of due execution of the will and undue

influence in the subscription and publication of the will. The second ground was later withdrawn. Petitioner moved for summary judgment admitting the will to probate, alleging that there were no issues of fact to be resolved. Surrogate's Court ordered a commission to obtain the testimony of an attesting witness who had moved to Florida. In connection with the commission, respondent's counsel requested $1,093.77 for services and disbursements. Surrogate's Court granted summary judgment in favor of petitioner, admitting the will to probate, and awarded respondent's counsel $488.77 for services and disbursements in connection with the commission, to be paid out of the estate. Respondent appeals.

We affirm. Summary judgment in contested probate proceedings, while rare, should not be withheld where petitioner makes out a prima facie case for probate and respondent fails to raise a material issue of fact with respect to due execution *(Matter of Witkowski,* 85 AD2d 807, 808, *lv denied* 56 NY2d 505). Here, petitioner met her burden of establishing a prima facie case of due execution based upon the attestation clause *(see, Matter of Posner,* 160 AD2d 943, 945, *lv denied* 76 NY2d 710) and the testimony of the two attesting witnesses and of the attorney-draftsman who supervised the execution of the will *(see, supra).* The conclusory assertions submitted in opposition are insufficient to raise a material issue of fact inasmuch as there are no allegations that pages of decedent's will have been inserted or are missing, neither the attorney-draftsman nor the attesting witnesses have an interest in the will's provisions and, in any event, the executed will was retained by decedent until her death in 1992 *(see, Matter of Cioffi,* 117 AD2d 860; *Matter of Hepburn,* 114 AD2d 455, 456). With respect to respondent's challenge to the reduced award of counsel fees, considering "the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" *(Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593), Surrogate's Court did not act arbitrarily in its award of counsel fees *(see, Matter of Patchin,* 106 AD2d 730, 732).

We have considered and find meritless the remaining arguments, including petitioner's claim that this appeal is frivolous.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the decree is affirmed, with costs.