■ In the Matter of THE AMERICAN COMMITTEE FOR THE WEIZMANN INSTITUTE OF SCIENCE, Appellant, v JENNIFER DUNN, Individually and as Executor of DORIS WEINGARTEN, Deceased, et al., Respondents. [827 NYS2d 134]—

Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about December 14, 2005, which granted respondents' motion to deny the petition to vacate the probate decree or for turnover of property under SCPA 2105, unanimously affirmed, without costs.

Granting petitioner every presumption applicable to a preanswer motion to dismiss, the petition failed to plead a claim sounding in undue influence. Nothing in the record can be taken as a pleading that respondents exercised "moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against h[er] free will" (*Matter of Kumstar*, 66 NY2d 691, 693 [1985], quoting *Matter of Walther*, 6 NY2d 49, 53 [1959], quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]). The record reflects no more than decedent's choice of benefitting her niece (respondent Jennifer Dunn) after decedent's brother (respondent Irving Dunn) had provided hospice care in his own home during what would be the terminal stage of her painful illness.

A testator acting upon "ties of attachment arising from consanguinity, or the memory of kind acts and friendly offices," is not indicative of undue influence (*Matter of Walther*, 6 NY2d 49, 53 [1959], quoting *Children's Aid Socy.*, 70 NY at 394; *see also Matter of Arnold*, 78 AD2d 753 [1980], *appeal dismissed* 53 NY2d 703 [1981]; *cf. Matter of Kaufmann*, 20 AD2d 464 [1964], *affd* 15 NY2d 825 [1965]). We further find no nonspeculative reason to allow petitioner to conduct discovery.

Nor do we find indicia of a binding agreement to make a testamentary bequest sufficient to satisfy the statute of frauds. The necessary identity of the property to be bequeathed is not set forth in a writing signed by the party to be charged (*see* EPTL 13-2.1 [a]), and a reference to decedent's co-op apartment in a later writing does not unequivocally refer to the alleged contract (*see Matter of Drogin*, 144 Misc 2d 747, 749 [1989]). Rather, the later writing suggests that the testator changed her mind about the property to be bequeathed after the earlier writing was signed. Because the enforceability of the agreement "ought not be dependent upon the voluntary and hence unpredictable movement of one party" (*Rubin v Irving Trust Co.*, 305 NY 288, 300 [1953]), decedent's indication that her decision as to the apartment was not yet fully formed precludes petitioner's contract-based claim. Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.