Matter of Reich (2026 NY Slip Op 01419)

Matter of Reich

2026 NY Slip Op 01419

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

File No. 3896/16|Appeal No. 6081|Case No. 2025-05742|

[*1]In the Matter of Lilan M. Reich, Deceased. Charles Reich, Petitioner-Respondent-Appellant, Elizabeth Brimberg, Objectant-Appellant-Respondent.

Cravath, Swaine & Moore LLP, New York (Vanessa A. Lavely of counsel), for appellant-respondent.
Judd Burstein, P.C., New York (Judd Burstein of counsel), for respondent-appellant.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered August 20, 2025, which, to the extent appealed from, inter alia, granted petitioner's motion for summary judgment dismissing the constructive fraud objection to probate the December 18, 2015 Last Will and Testament of decedent Lilian M. Reich, but denied the motion as to the undue influence objection, unanimously modified, on the law, to grant the motion for summary judgment dismissing the undue influence objection, and otherwise affirmed, without costs.
The court correctly concluded that objectant, decedent's daughter, did not present sufficient evidence to raise a triable issue of fact as to whether petitioner, decedent's son, had a confidential relationship with decedent (see Matter of Williams, 201 AD3d 510, 510-511 [1st Dept 2022], lv denied 38 NY3d 914 [2022]). It was undisputed that since his marriage, petitioner had a distant relationship with his parents and objectant, his sister, and rarely visited them. No evidence was presented that he assisted decedent, his mother, with her personal or financial affairs, other than his four phone calls with her attorney in connection with the drafting of her will, or that she relied upon him for anything other than limited communications with that attorney. There was also no evidence that petitioner had power or control over decedent, and, in fact, in connection with the penultimate November 13, 2015 will and trust, she rejected his suggestions. Decedent was a practicing oncologist and there was no evidence that she was unable to manage her affairs. Her credit card bills showed that in 2015 and 2016, she shopped for herself, went to restaurants and beauty salons, and traveled to Peru on a group tour.
In view of the foregoing, the court properly dismissed the objection based on constructive fraud, as there was no confidential relationship between decedent and petitioner (see Sneider v Great S. Bay Surgical Assoc. & Vascular Lab, LLP, 235 AD3d 685, 687 [2d Dept 2025]).
Objectant failed to present sufficient evidence to raise a triable issue supporting the undue influence objection (see Matter of Ryan, 34 AD3d 212, 213 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). The evidence presented showed that the December 18, 2015 will and trust were the product of decedent's often expressed desire to have her children treated equitably and her belief that her husband favored objectant in his estate plan (see id. at 214). The attorney supervising the execution of the December 18, 2015 instrument described decedent as "clear, lucid, aware, [and] informed." An attesting witness stated that decedent's determination to disinherit objectant was "thoughtful and considered," and that when questioned, she specifically denied that her decision was influenced by petitioner.
Objectant failed to cite any conduct by petitioner that raised a triable issue that he exerted power over decedent to affect her estate plan (see Matter of Fiumara, 47 NY2d 845, 846 [1979]). Decedent provided objectant with the business card of her estate planning attorney, and petitioner made no effort to isolate decedent from objectant, who visited her frequently.
We have considered objectant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026